State vs. Ferguson.

## No. 9270.

### THE STATE OF LOUISIANA VS. WM. FERGUSON.

In criminal cases the Supreme Court will not consider alleged errors in the charge of the trial judge to the jury, when suggested in an assignment of errors, and when no objection was made to the charge when given, unless upon its face the charge should appear to be unjustly and glaringly erroneous. State vs. Riculfi, 35 Ann. 774 ; State vs. Curtis, 34 Ann. 1213; State vs. Beaird. 34 Ann. 106, affirmed.

The charge must be considered as a whole, and the practice of selecting therefrom isolated passages for criticism and animadversion, will not be sanctioned, when it appears that such passages, although apparently erroneous, are fully explained by other passages in the instructions.

| 37 | 51 |
| 50 | 313 |

| 37 | 51 |
| 105 | 522 |

| 37 | 51 |
| 117 | 470 |

| 37 | 51 |
| 125 | 261 |

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.
*W. L. Evans* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Appealing from a conviction of manslaughter, under a charge of murder, the accused invokes relief under an assignment of errors, which is confined to the judge's charge to the jury.

No objection was made to the charge or to any part thereof when it was given.

The charge, which was made in writing, is a carefully prepared paper, intended to cover the whole law governing the trial under the charge of murder.

After seriously complaining in his assignment of errors, that owing to the manifold inaccuracies which are engrafted in that charge, his client was practically denied that protection with which the law charitably shields all persons on trial for serious offenses, counsel for the accused proceeds to cull isolated passages from the judge's charge, and to demonstrate the fallacy of the doctrine therein embodied.

Such a course illustrates more forcibly than any reasoning which we could adopt, the wisdom of the now settled rule, that an assignment of errors is not the legal mode of inviting review by an appellate court, of alleged errors in the charge of the trial judge.

The special charge which is urged to be erroneous must be objected to at the time that it is given, or the complaint cannot be heeded. The charge of the judge must not be confounded with a thesis on criminal law, to which hypercritical reversion is invited by counsel of the party convicted. The law contemplates it as a synopsis of the principles which should control the trial; and jurisprudence has established the rule that by a timely objection the accused may secure a correction of any unguarded or erroneous utterance, or an explanation of any doubtful expression which may have occurred in the judge's instructions. And this Court has more than once emphatically declared that it will not tolerate the vicious practice under which the accused would take his chances of an acquittal under a charge not objected to at the time; and if convicted, to escape from the verdict by subsequently alleging errors in the identical charge which had gone without objection. State vs. Beaird, 34 Ann. 106; State vs. Curtis, 34 Ann. 1213; State vs. Riculfi, 35 Ann. 774.

While it is true, as we freely concede, that the accused on trial is under the protection of the court, counsel must not lose sight of the protection which the law, through appellate tribunals, must extend to trial judges when they correctly expound the laws of their country, and conscientiously discharge their delicate and onerous duties, in trying their fellow-men for their lives or their liberty. As a further illustration of the absolute wisdom of the rule which we herein reiterate and reaffirm with the solemn conviction that it will be at last impressed on the minds of criminal practitioners, we note the following incident in this case:

In his brief, counsel for appellant vehemently complains of the grievous error committed to the detriment of his client by the trial judge in the following sentence which he transcribes from the charge: "Now lastly, should the evidence and the law satisfy you that the prisoner is guilty of no offense at all, * * * then and in that case your duty is clear and your verdict should be one of acquittal." Counsel then bitterly denounces the injustice of such a charge, under which the district judge is seriously taxed with the error of having deprived the accused of the instruction, required by the law, that he was entitled to the benefit of a serious doubt as to his guilt or innocence.

Confident that our learned brother of the Criminal District Court could not have made such an omission, we at once turned to his charge on the subject of doubt, and we therein found the following instruction, which counsel must have overlooked: "And the court will add this: That any doubt—any serious doubt—on your part, as to the guilt of the accused, after a careful examination of all the facts and circumstances of the case, must go to the benefit of the accused, as though no charge were brought against him." With due deference to counsel, we are compelled to deprecate such a style of argument.

This appeal is entirely devoid of any merit.

Judgment affirmed.