No. 12,919.

STATE OF LOUISIANA VS. E. T. JONES.

SYLLABUS.

1. After a case, as to the introduction of evidence, is closed, the question of reopening it for further evidence is one left largely to the discretion of the trial judge and his ruling thereon will not be disturbed unless a clear case is shown of the abuse of such discretion.

2. Counsel in argument should not indulge in statements of fact beyond and outside of the facts brought out in evidence, and where a prosecuting attorney abuses the privilege of argument to the manifest prejudice of the accused, it is the duty of the trial judge to interfere, and if he fails to do so, and the impropriety is gross, it is good ground for reversal. *Held,* however, that the transgression in the instance complained of not to be of that grave character warranting the setting aside of the verdict.

3. Error, alleged in an assignment of errors filed in this court, to be patent on the face of the record, must appear from the record with certainty, else nothing is presented for the court to act upon.

ON APPEAL from the Twelfth Judicial District Court for the Parish of Calcasieu.  *Read, J.*

*M. J. Cunningham,* Attorney General, and *A. R. Mitchell,* District Attorney, for Plaintiff, Appellee.

---

*R. P. O'Bryan,* for Defendant, and Appellant.

---

Submitted on briefs November 12, 1898.
Opinion handed down December 5, 1898.
Rehearing refused January 9, 1899.

---

The opinion of the court was delivered by

BLANCHARD, J. The accused, E. T. Jones, and two others were jointly indicted for murder.

Jones was found guilty of manslaughter; the other co-defendants were acquitted.

From a sentence of twenty years at hard labor, the former prosecutes this appeal.

Five bills of exception are found in the record, and in this court an assignment of errors is filed.

Only the first and second bills and the assignment of errors, are pressed upon our attention.

The bill of exceptions first taken was to the refusal of the court to permit co-defendant Schultz, (subsequently acquitted) to testify. The case, as to the introduction of evidence, had been closed the day previous, with the exception of a report of some experts, previously appointed by the court, which report, together with some further evidence in rebuttal, the prosecution reserved the right to offer. The judge states that when the case was closed the previous day, save as to the exception noted, all the witnesses were, with the acquiescence of both sides, discharged from further attendance.

The report of the experts being forthcoming it was offered, and then the State offered, under the reservation as to additional rebutting testimony, the depositions of defendant Jones taken at the coroner's in-

·quest. This was received without objection and read to the jury and immediately thereupon the District Attorney closed his case finally.

Counsel for defendant Jones then offered Schultz as a witness to prove certain alleged facts, unnecessary to mention here. This was objected to by the State on the ground that it came too late, that the case was closed and the State's witnesses discharged. Whereupon the presiding judge enquired of counsel the object of the testimony sought to be elicited and was told it was to corroborate the deposition of defendant Jones, referring to the deposition which the State had just offered. The judge thereupon ruled the objection of the State well taken and declined to permit the re-opening of the case.

We cannot say the judge erred. After a case, as to the introduction of evidence, is closed, the question of reopening it for further evidence is one left largely to the discretion of the trial judge, and this court will not disturb his ruling thereon unless a clear case is shown of the abuse of such discretion.

38 La. Ann. 448; 27 *Ib.* 691; 29 *Ib.* 716; 33 *Ib.* 952; 31 *Ib.* 267; 39 *Ib.* 329. See also State vs. Chandler 36 La. Ann. 177.

The vindication of the law, the maintenance of good order, the establishment of justice, the prevention of crime, the punishment of the guilty, the protection of the innocent, are the great objects for which courts of criminal procedure are organized, and when these ends, or any one of them, may be promoted by the reopening of a case once closed, the judge may and should permit it to be reopened and additional evidence offered. But a wise discretion is vested in him to judge the situation as it arises, and to say whether or not a case has been made out justifying a departure from the rules prescribing the order in which evidence is to be adduced.

It is not contended by the accused that a full opportunity had not been accorded him, under the rules, for the introduction of all testimony he had to offer. The co-defendant Schultz might have seasonably been called to the stand had such been the desire of the defense. So, we are constrained to hold that the demand to put him on the stand under the circumstances narrated, and that, too, for the purpose of *corroborating the deposition of defendant Jones just offered by the State,* was not a reasonable one, and its denial did not prejudice the accused.

A bill of exceptions was taken to the refusal of the judge to inter-

fere with the argument' of the district attorney and stop him from asserting a fact which defendant claimed had not been proven.

It appears that the district attorney did in his closing argument make a statement as of his own knowledge of something about which there had been no proof; but it was in reference to a matter of not enough consequence, or serious bearing on the result of the case, to prejudice the accused.

Counsel in argument should confine themselves to the facts brought out in evidence, and where a prosecuting attorney abuses the privilege of argument to the manifest prejudice of the accused, it is the duty of the judge to interfere, and if he fails to do so, and the impropriety is gross, it is good ground for reversal.

Rice on Evidence, Vol. 3, p. 245, section 180; Clark Crim. Procedure, p. 458, sec. 170.

A. & E. Ency of Law Vol. 4, p. 875.

Hall vs. U. S. 150 U. S. 76.

But we do not consider the transgression in this instance of that grave character that warrants the setting aside of this verdict. State vs. Johnson, 48th La. A. 37.

The assignment of errors is leveled at the trial judge's charge to the jury, not for what it contains, but for what it does not contain.

The contention is that the verdict is vitiated because of the omission of matter which must be charged under pain of nullity of the jury's finding, if it be against the accused.

The ground of attack is that the judge omitted to instruct the jury that the failure of the accused to testify should not be construed for or against him, as directed by Act 29 of 1886.

And it is assigned as error patent on the face of the record.

It is not averred that the judge was requested to instruct the jury in reference to this and had refused, and no bill of exceptions whatever as to the charge, whether as to what it contained or did not contain, was reserved.

The charge of the court to the jury was in writing and is found in full in the record. Its perusal shows that nothing was said in reference to the accused testifying or not testifying.

The first question that suggests itself is, if this omission be error that may be taken advantage of without a bill of exceptions seasonably tendered (as to which we express no opinion), is it error patent' on the face of the record?

State vs. Jones.

It is stated in the brief filed on behalf of the defense that the appellant "did not go upon the witness stand, nor did he proffer himself as a witness." And that "this record shows that none but witnesses for the State testified." Where the record shows this, is not stated, no citation of page or paragraph being given.

A careful examination of the court's minutes of the trial of the case fails to disclose what witnesses testified for the accused and what for the defense. Nor is it usual for the minutes of a criminal trial to show this. Whether appellant testified or not, we are not, by the only record we can go by, informed. If he did testify, we do not see that it was essential for any reference to be made of the matter in the court's instructions to the jury, and its omission might warrant the presumption that he did testify in the absence of anything in the record affirmatively or positively showing otherwise, or of a bill specifically bringing the point up.

In a bill of exceptions reserved to a ruling of the judge excluding certain testimony offered by the defense (and having nothing to do with the matter under discussion), a reference is incidntally made to the sheriff and coroner of the parish having been "the only two witnesses called by the defense."

This is the only justification whatever for defendants' contention that the record shows the accused did not go upon the stand as a witness. It must be considered a mere recital of something the drawer of the bill thought necessary to the proper presentation of the matter forming the subject of the bill. It does not suffice to make record evidence of the fact that appellant was not a witness in his own behalf. It does not eke out his case that the omission of the judge to instruct the jury, as it is claimed he should, is error patent on the face of the record.

It not appearing, therefore, from the record, affirmatively or with certainty, that the accused did not testify, the assignment of errors filed in this court, seeking to bring the question of the omission to instruct as aforesaid, up for review, cannot be held to really present it for the consideration of the court. 5 La. Ann. 24.

Judgment affirmed.