BREAUX, C. J.
The defendant was charged with having committed rape on the person of Emma Lewis, a young colored girl, 10 years of age, in the parish of Richland, on the 2d day of October in the year 1904.
He was indicted on the 12th day of that month and year, arraigned on the 14th of the same month, the case was tried on the 24th day of last February, and the. defendant was found guilty as charged.
. From a verdict of guilty,- and a judgment sentencing him to suffer the extreme penalty of the law, he prosecutes this appeal.
The grounds are before us on two bills of exceptions.
In the first bill of exception brought up ;by the accused through his counsel, he sets up that the assistant counsel for the state referred in the course of his argument to the appearance of the accused as being brutal and fiendish, and - additionally that the accused was as “guilty as hell.”
In the recital of the bill of exception, the •assistant counsel has embodied his statement admitting that he called the attention of the jury to the brutal appearance of the accused, and that he referred to him as having a “bull-like neck,” and that he stated to the jury that he was “guilty as hell,” but that to this last remark no bill was taken by defendant’s counsel, and that in consequence it should not be considered as incorporated in the bill, nor any reference made to it.
' The trial judge states that he remembers the facts substantially as stated by the assistant counsel of the prosecution.
We will here state that the learned Attorney General and assistant counsel prepared an elaborate brief, which is now before us. They treated upon all the points presented by the bill of exception, save one, as to which they state in the brief:
“As to the comment by assistant counsel on the personal appearance of the accused, the state desires to submit the matter without argument.”
In the second bill of exception before us, it appears by statement it contains that the district attorney stated to the jury that he felt “deeply for the outraged child”; referring to the child before mentioned. Counsel for defendant objected to the language of the district attorney in this particular.
Further upon the subject we copy from the bill of exception:
“To which no attention whatever was paid: by the district attorney, and no remonstrance or reprimand was given by the court; he, the district attorney, proceeding without in any manner suspending- his argument, and in same pathetic strain referring to the tears which had been shed by some witness. Defendant’s attorney again objected and reserving bill, without effect.”
The district attorney and the judge by whom the court was presided over did not agree with the foregoing statement, as will be seen by the following incorporated in the bill of exception. The first statement was made' by the “district attorney, who stated that he did say he felt a sympathy for the child,” as she testified “with tears trickling down her cheeks,” and her “every word and *689 manner” indicated strongly that she was testifying truthfully, and that the bill taken to this statement to the jury is the only statement he remembered that counsel for defendant reserved. And by the court:
“The district attorney did not engage in a sympathetic appeal to the jury, but he did say he felt a sympathy for the little girl, as she testified with tears trickling down her cheeks, and her manner impressed him with the idea that she was testifying truthfully, and that this ‘language of the district attorney was all to which’ the attorney for defendant took a bill of exception.”
We take up the first bill of exception here noted for decision, and thereby observe the order followed by counsel in presenting the cause to the court.
We take it as being an established rule that counsel should not in any case go beyond the scope of all argument by stating and commenting upon facts not in evidence. This is specially binding upon a district attorney, the law officer of the state, or upon assistant counsel assisting in the prosecution.
The argument should be based upon evidence introduced, or upon evidence of which the court is at liberty to take judicial notice.
Argument in a case is reasoning based upon the belief of the prosecuting officer or his assistant that the defendant is guilty. They seek to sustain the charge of guilty by reference to the evidence. They are certainly at liberty to denounce any criminal or-lawless act. The foregoing are general principles relating to the prosecution of an accused and to argument in a case. We are to determine whether they have been departed from in this case.
We take it that if a denunciation of the prosecution is not extravagant, and not calculated by its extravagance to prejudice the cause of an accused, it will afford no ground for an application to set aside the verdict and judgment.
The word objected to, “brutal,” was uttered in the presence of the accused and the-jury. They could see for themselves, and for themselves judge whether it was in the least true.
Courts must give to jurors credit for possessing ordinary intelligence. It is not to be presumed that it influenced the jury. It was not necessarily calculated to create the impression that he must have committed the crime for which he was indicted.
A murderer may have a brutal appearance, and even men who have not committed any crime may have an appearance which others fancy is brutal.
If the attorney who assisted the prosecution had said to the jury that the defendant was guilty of the crime in question, under repeated decisions upon the subject, it would not have afforded ground sufficient for a new trial. The word used is not as direct, and does not suggest that he was guilty as charged.
That, and the reference to the neck of the defendant, and to the guilt of those who are confined to the hotter regions, were epithets which should not have been used. We do not take it, however, that such words can influence any juror who has average common sense. -It was a waste of time and of words.
We have reviewed our decisions upon the subject. We do not think that they would sustain a judgment setting aside the verdict and judgment.
Some time since the court went to the extreme of holding that the refusal of the trial judge to stop an attorney in the course of his argument, on the ground of its unfairness, impropriety, and unbecomingness, presented no question for review on appeal. State v. Duck et al., 35 La. Ann. 764.
Subsequent decisions have not gone that far. None the less they have laid down the rule that this court will not interfere unless it is manifest that the -utterances were such as to influence the average juror.
*691 This rule was followed in another case upon the subject. Although the point is not absolutely similar, .it is clearly announced that the court will not interfere with the rulings of the trial judge; citing in support of the ruling the case of State v. Anderson et ah, 45 La. Ann. 654, 12 South. 737.
In this last-cited case the court held:
“The indiscreet statement of attorneys are not grounds for granting a new trial. Their assertions may not be of the facts, but the jury are not bound to receive them as a true statement of the ease.”
Here, again, the court has gone beyond the limits needful to sustain the verdict and ruling in the case before us for decision.
The question was considered in State v. Johnson, 48 La. Ann. 91, 19 South. 215, in which the court said:
“We have no reason to believe that the conviction of the defendant was due to the remark complained of.”
See, also, State v. Jones, 51 La. Ann. 106, 24 South. 594.
In a case decided recently — State of Louisiana v. Homere Meche (No. 15,551) 38 South. 152 [1] — the views, to some extent, at least, were similar to those expressed in prior decisions. The verdict in that case was not disturbed.
The courts of other jurisdictions are generally careful not to attach too great an importance to expressions uttered in the heat of argument.
While they can be assigned as error when the limits have been transcended, and it is manifest that the court a qua has negligently permitted them to pass unnoticed, and it is evident that they must have had a damaging effect with the jury, yet it is only in such a case.
The trial judge is intrusted with a large discretion in the premises. Thompson on Trials, vol. 1, § 980.
Much must depend upon circumstances of each case, and the discretion of the court should control, says Mr. Wigmore in. his work on Evidence, vol. 3, § 1808 of the text.
We leave the subject with the statement that a strong line of decisions in our own and other jurisdictions sustain the view that the question is largely left to the judgment and discretion of the district judge, that he can be trusted with the authority to stop counsel, and that it can well be inferred that, if he did not exercise that authority, it was because there was no occasion for such a step, as no possible harm could possibly arise to the defense.
By our foregoing statement of the facts it will be seen that counsel' for the defense, on the one hand, and the prosecution and the trial judge, on the other, differed about the points reserved. Under the rules of evidence, the weight of the testimony is with the judge and the district attorney.
There was no reference made at any time to Act No. 113, p. 162, of 1896, which is intended to provide a remedy. No complaint is urged here of the denial of any right secured by that statute. .
We have considered the complaint, and have not arrived at the conclusion that error has been committed which would justify us if we were to reverse the judgment.
This brings us to the second bill of exceptions before us. Defendant’s contention, through counsel, is that the argument of the district attorney before the jury was calculated to arouse the sympathy of the jury.
We have not found that this ground afforded sufficient cause to set aside the verdict.
Words of sympathy may be uttered without intending to thereby influence the jury. The tears of the prosecuting witness were referred to as an evidence of truth and sincerity of the witness.
We can conceive no good ground to give to the utterances complained of the effect charged.
*693 The defense did not pursue further the objection that improper words had been uttered in argument, than the statement incorporated in the bill of exceptions, which was directed .against the ruling of the district judge declining to interrupt and stop counsel for the .prosecution in the argument. There was no application made to the court to instruct the .jury to pay no attention to the words complained of.
It is therefore ordered, adjudged, and decreed that the verdict and judgment appealed .from be affirmed.

 Ante, p. 231.