(83 South. 361)

No. 23740.

STATE v. McCRORY.

(Nov. 3, 1919. Rehearing Denied Dec. 1, 1919.)

*(Syllabus by Editorial Staff.)*

1. HOMICIDE ⬤➝116(4)—RULE STATED AS TO APPARENT DANGER JUSTIFYING SELF-DEFENSE.

A person is justified in using force in self-defense, where the danger that threatens him appears to him, acting as a reasonable man under the particular circumstances, to be real and imminent, even though it should later develop that there was no real or actual danger.

2. CRIMINAL LAW ⬤➝922(7)—OBJECTIONS TO INSTRUCTIONS FIRST MADE ON MOTION FOR NEW TRIAL TOO LATE.

Objection that an instruction was erroneous is too late when presented for the first time in a motion for new trial.

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Philip H. Gilbert, Judge.

Jackson McCrory was convicted of shooting with intent to kill, and he appeals. Affirmed.

Pugh & Lemann, of Donaldsville, for appellant.

A. V. Coco, Atty. Gen., and George Seth Guion, Dist. Atty., of Napoleonville (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendant was indicted and tried on a charge of shooting with intent to kill and murder, and, on a verdict of guilty as charged, the lower court sentenced him to serve a term of one year in the parish jail and to pay a fine of $1. From this verdict and sentence he has appealed.

The only question presented in the record is an exception to the overruling of defendant's motion for a new trial, based upon an alleged erroneous charge to the jury. The charge as given was as follows:

"A man may repel force by force in defense of his person, habitation, or property, against one who manifestly intends or endeavors by violence or surprise to commit a known felony, such as murder, rape, robbery, arson, and the like, upon either. In these cases he is not obliged to retreat, but may pursue his adversary until he has secured himself from all danger, and, if he killed him in so doing, it is called justifiable self-defense; but there must be actual danger at the time, from the violence and a reasonable belief that a felony is intended, or one's life is in danger."

[1] The charge is undoubtedly faulty, in that it says that there must be an actual danger, whereas the law only requires that it should appear to the accused acting as a reasonable man under the particular circumstances to be real and imminent; and he is justified in acting in self-defense under those conditions, even though it should later develop that there was no real or actual danger. State v. Garic, 35 La. Ann. 972; Wharton on Criminal Law (9th Ed.) vol. 1, p. 462 et seq., and section 488 et seq.

[2] However, the question is not presented in such form as will permit us to pass upon it. No objection was made to the charge when given, and the accused took his chances at being convicted or acquitted, and the matter comes too late when presented the first time in a motion for a new trial. We reviewed the jurisprudence on this subject thoroughly in the case of State v. Bush, 117 La. 463, 41 South. 793, and still adhere to the doctrine therein announced.

For the reasons assigned, the judgment appealed from is affirmed.