(108 So. 326)

No. 27792.

### STATE v. ACOSTA.

(March 29, 1926.   Rehearing Denied May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Receiving stolen goods** ⬉═8(2)—**Evidence of process restoring original number of stolen automobile held properly admitted, though processing was out of presence of accused.**

   In prosecution for possessing automobile knowing it to have been stolen, evidence of process bringing out original number *held* properly admitted, though processing was done out of presence of accused.

2. **Criminal law** ⬉═935(1)—**Bill of exceptions to refusing new trial, sought because verdict was contrary to law and evidence and because evidence was insufficient, held without merit.**

   Bill of exceptions to action of judge a quo in overruling motion for new trial, sought on ground that verdict was contrary to law and evidence and that evidence was insufficient *held* without merit.

Appeal from Criminal District Court, Parish of Orleans; A. D. Henriques, Judge..

Emanuel Acosta was convicted of possessing property knowing same to have been stolen, and he appeals. Affirmed.

Prentice E. Edrington, Jr., and William J. O'Hara, Jr., both of New Orleans, for appellant.

Percy Saint, Atty. Gen., and Henry Mooney, Dist. Atty., and Eugene Stanley, Asst. Dist. Atty., both of New Orleans, for the State.

LAND, J.   Defendant was convicted and sentenced under a charge of having in his possession a Ford coupé, knowing the same to have been previously stolen.

On the trial of the case, it developed from the evidence that the stolen automobile bore the mutilated number 7085761, and that, by the use of a secret process, the original number 8016551 had been restored by the police department of·the city of New Orleans.

[1] The state witness having testified to the accuracy of the test and the result, defendant's counsel objected to the evidence on the ground that the processing had been done out of the presence of the accused. This objection was overruled.

1. The ruling of the trial judge is clearly correct for the apparent reason that the objection went rather to the effect than to the admissibility of the evidence. The state witness did not testify to any statement made out of the presence of the accused, but to a fact within his own knowledge, and which had been ascertained as a result of a process used by the witness.

[2] 2. The other bill of exceptions reserved by defendant is without merit, as it was taken to the action of the judge a quo in overruling a motion for a new trial, based on the ground that the verdict was contrary to the law and the evidence, the insufficiency of the evidence, and the fact that the processing was done out of the presence of the accused.

We have already disposed of the last point made in the motion for a new trial adversely to the contention of the defendant, and said motion otherwise presents no question of law for review by this court.

The conviction and sentence are therefore affirmed.