*585
 
 •LAND,
 
 J.
 

 Defendants are jointly indicted for the crime of robbery. The jury returned a verdict of not guilty as to Stanley Proctor, and of guilty as charged as to Joseph Proctor. The latter defendant was sentenced to the state penitentiary for a term of not less than eight nor more than fourteen years, and has appealed;
 

 The record presents three bills of exception reserved upon the trial of the case.
 

 Bill of Exception No. 1.
 

 The robbery was committed by the defendant, Joseph Proctor, who was not masked, and by an accomplice, who was masked. The accomplice used an automatic pistol in the' perpetration of the robbery, and shot at the complainant, Charles J. Cambias.
 

 The defendant, Joseph Proctor, threatened to shoot some of the persons who arrived at the scene of the crime, and indicated by his actions that he had a pistol in his right coat pocket, which he extended with hand in' pocket towards the persons threatened, but did not shoot.
 

 When Joseph Proctor was arrested, an automatic pistol was found by the police in his right coat pocket. After identification, the pistol was admitted in evidence when offered-by the state.
 

 This evidence was objected to by the defendant, Joseph Proctor, on the ground that the prosecuting officer had failed to show that the pistol in question had been connected in any way with the robbery, as the weapon had been found thereafter in defendant’s possession when arrested in connection with a charge that he was a dangerous and suspicious character.
 

 It is stated in the per curiam to this bill that the state witnesses fully identified the defendant, Joseph Proctor, as being one of the participants in the robbery, and testified to his hostile demonstrations upon that occasion by threatening to shoot and, at the same time, extending his right coat pocket towards the persons arriving at the scene.
 

 The district judge, of his own-motion and out of abundance of caution, instructed the jury to disregard the automatic pistol which he had admitted in evidence, for the reason that the evidence, as a whole, did not show that it was the identical pistol used to perpetrate the alleged robbery.
 

 Under the circumstances of the case, we find no prejudice resulting to defendant from the admission in evidence of the pistol in question.
 

 Bill of Exception No. 2.
 

 This bill was reserved to the overruling by the trial judge of a motion for new trial, based upon the ground that the verdict of the jury was contrary to the law and the evidence. As the judge a quo states that “the guilt of the accused was proved beyond any reasonable doubt by positive and affirmative evidence,” the bill presents no question of law for review on appeal by this court. Const. 1921, art 7, § 10; article 19, § 9.
 

 Bill of Exception No. 3.
 

 Defendant, Joseph Proctor, complains of the denial of his motion in the lower court to have all the testimony adduced at the trial transcribed and made a part of the transcript of appeal. The purpose of thisj motion was to present this testimony for our review in connection with the motion for new trial.
 

 The ruling of the trial judge was correct, as the Supreme Court is without jurisdiction to pass upon the sufficiency of the evidence in the case. State v. Cole, 161 La. 850, 109 So. 505; State v. Acosta, 161 La. 174, 108 So. 326.
 

 The conviction and sentence appealed from are affirmed.