OVERTON, J.
 

 Defendant was indicted for murder, was found guilty without capital punishment, and was sentenced to the penitentiary for life. Before sentence was pronounced, he filed a motion for a new trial, based upon the ground that the verdict rendered is contrary to the law and the evidence, specifying a number of reasons why the verdict was not supported by either. This motion was overruled by the trial judge. Defendant excepted to the ruling, and presented a bill of exceptions to the trial judge for signature, in which he made a part of the bill the testimony of the state’s witnesses and also that of his own, naming these witnesses in the bill. The trial judge signed the bill, but refused to make the evidence taken a part of it, for the reason that this court “has 'repeatedly held that it has not the power to inquire into the sufficiency of the evidence in criminal cases.” This reason the trial judge reiterates in his answer to the rule that issued herein. As a result of this refusal, the evidence taken during the trial has not been sent to this court, and defendant now petitions us for relief.
 

 Section 1 of Act 333 of 1926 reads as follows:
 

 “That the presiding judge of each section of the criminal district court [referring to the criminal district court for the parish of Orleans] shall appoint a minute clerk at an annual salary of three thousand dollars, and an official stenographer at an annual salary of thirty-six hundred dollars. It shall be the duty of such stenographers to report in full the testimony taken in all preliminary examinations; to report in full all cases appealable to the judges of the criminal district court sitting as a court of appeals; it shall likewise be their duty to prepare, make up and furnish to the clerk of the criminal district court the transcript of the testimony taken in all cases' appealed from judgments of the criminal district court to the judges sitting as a court of appeals and the supreme court, as may be required by the clerk of said court in such appeals, and that the said clerk of the criminal district court shall prepare make up, and furnish the transcripts of appeals to the supreme court; and said stenographers shall report the proceedings in the trial- of all capital cases, and in felony cases where the punishment may be imprisonment at hard labor for a term exceeding five years, but only when a written request is made therefor by the attorney for the defense or the district attorneys; also in cases triable by the judge without a jury wherein an appeal may be had to the supreme court when a written request is made therefor by the attorney for the defense or the district attorney, and in such other proceedings as in the opinion of the
 
 *333
 
 court may be important and necessary. In cases not reportable, whenever an objection shall be made and a bill of exceptions reserved, it shall be the duty of such stenographer to report the evidence objected to and transcribe the same in ease of appeal. It shall be the duty of each official stenographer in all cases of appeal to the supreme court to furnish to the clerk of the criminal district court three certified copies of the testimony taken by said stenographer, and of the bills of exception to which said testimony shall have been annexed. * * * ”
 

 The charge upon which defendant was tried is a capital charge. Therefore, by the terms of the statute, the court stenographer was required to take the evidence, and, an appeal having been taken to this court, he is required to furnish the clerk .of court with three copies of the testimony taken, obviously for the purpose of transmission to this court as part .of the transcript of appeal. While, therefore, as observed by the trial judge, this court has repeatedly held that it is without jurisdiction to inquire into the sufficiency of the evidence to justify a conviction, and while the evidence, when it reaches here, may be .of no practical service in passing upon the motion, yet as the statute makes it part of the record for the purposes .of appeal, and as the defendant demands that it be incorporated in the record as part of his bill, we think that the evidence should be forwarded to this court.
 

 For these reasons it is ordered that the rule that issued herein be made’ absolute, and that the required three copies of said testimony be sent to this court as part of said bül of exceptions.