FOURNET, Justice.
 

 The defendant, G. H. Boone, prosecutes this appeal from his conviction and sentence to the penitentiary for manslaughter.
 

 It appears from the record that the defendant was previously convicted on the same charge but that a new trial had been granted him on November 21, 1939. The next day the court ordered a special term of criminal court for Monday, December 4, 1939 and also ordered that the jury commission convene and draw a petit jury of thirty names and that the list be published as soon as drawn. On November 27 the court fixed the defendant’s case for trial on December 4, 1939. The accused, through his counsel, orally objected to this fixing and requested a continuance until December 7, which objection and request were overruled by the trial judge. On the date fixed for the trial, both the defendant and the state having announced that they were ready to proceed, the defendant was tried and found guilty. Thereafter, on December 9, after motions for a new trial and in arrest of judgment had been filed, tried, and overruled, the defendant was sentenced to serve a term in the penitentiary at hard labor for not less than four nor more than twelve years.
 

 The basis of Bill of Exception No. 1 is that the accused had a right to the additional time requested, three days, so that he might examine into the legality of the organization and proceedings of the .jury commission and secure a list of the jurors in time to investigate their qualifications before the trial of the case. It is the defendant’s contention that the court was without right to fix the case for trial for a definite date during the special criminal term prior to the selection of the special venire and the publication of the jury list.
 

 
 *982
 
 The accused, having appeared in court on the date set for his trial (December 4) and having announced that he was ready for trial without first having filed a motion to quash the jury venire, waived the right to set up any objection to the proceedings of the jury commission or the drawing, organization, or qualification of the jury venire. Articles 202 and 203, Code of Criminal Procedure; 1 Marr’s Criminal Jurisprudence 648, Section 425; State v. Jackson, 36 La.Ann. 96; State v. Phillips, 164 La. 597, 114 So. 171; State v. White, 193 La. 775, 192 So. 345. Moreover, defendant has failed to point out in what manner the trial judge abused the discretion given him by the Code of Criminal Procedure in refusing to grant the continuance, for there is nothing in the record to show that defendant’s counsel lacked ample time within which to examine into the legality of the organization and proceedings of the jury commission and the qualifications of the petit jurors, or that the defendant in any manner whatever has been prejudiced by the ruling of the trial judge. We will not, therefore, interfere with his ruling. Article 320. See, also, State v. White, 156 La. 770, 101 So. 136; State v. Dwyer, 159 La. 399, 105 So. 410; State v. Scruggs, 165 La. 842, 116 So. 206; State v. Taylor, 167 La. 1113, 120 So. 875; State v. Flores, 169 La. 22, 124 So. 132.
 

 Bill of Exception No. 2 was reserved to the judge’s action, over defendant’s objection,, in permitting the state, prior to the time when the entire jury had been empaneled, to peremptorily challenge a juror after his acceptance by the state and the defendant.
 

 There is no merit to this bill for, under the express provisions of the Code of Criminal Procedure, “ * * *
 
 it shall be within the discretion of the
 
 court, and not subject to review
 
 to allow either side to peremptorily challenge jurors up to the time that the jury is
 
 impaneledArticle 358. See, also, State v. Thornhill, 188 La. 762, 178 So. 343. (Italics ours.)
 

 The third bill of exception was reserved to the ruling of the trial judge allowing the prosecuting attorney, after examining the first prospective juror on his voir dire, to tender the juror to defendant’s counsel for examination without having first accepted or rejected the juror. This objection by agreement of counsel was made general to all succeeding jurors.
 

 This court had this identical issue undei consideration in the case of State v. Ussery, 178 La. 593, 152 So. 302, 303, and, in disposing of the issue adversely to defendant’s contention, said: “ * * * the tendering of a juror to the defendant’s counsel, by the district attorney, after he has examined the juror on his voir dire, is in itself an acceptance of the juror by the district attorney, subject, of course, to the rights which are accorded to both sides under articles 358 and 359 of the Code of Criminal Procedure. The only way that a cause for complaint on the part of the defendant could arise in such a proceeding would be for the district attorney to attempt to withdraw his acceptance of the juror, or to proceed in a way not consistent
 
 *984
 
 with his acceptance of the juror, after tendering him to the defendant’s counsel for examination.” See, also, State v. Wells, 171 La. 795, 132 So. 349; State v. Ferguson, 187 La. 869, 175 So. 603. This bill is likewise without merit.
 

 Bill of Exception No. 4 grew out of defendant’s objection to the statement of the trial judge, in his charge to the jury, “That if two men engage in a fair fist fight, and one arms himself and kills his adversary, it is ‘Manslaughter.’ ”
 

 The record reveals that the defendant failed to object to this portion of the judge’s charge at the time it was made or before the jury retired. The objection was urged for the first time in a motion for a new trial, and, therefore, came too late. State v. McCrory, 146 La. 15, 83 So. 361; State v. Scruggs, 165 La. 842, 116 So. 206; State v. Abeny, 168 La. 1135, 123 So. 807; State v. Johnson, 171 La. 95, 129 So. 684; State v. Stracner, 190 La. 457, 182 So. 571. Moreover, we will not disturb the ruling of the trial judge when an objection is made to a portion of his charge to the jury and it is not shown, when considered in connection with the remainder of the charge, to be erroneous and prejudicial. State v. Ferguson, 37 La.Ann. 51; State v. Mitchell, 119 La. 374, 44 So. 132; State v. Blount, 124 La. 202, 50 So. 12; State v. Poree, 136 La. 939, 68 So. 83;. State v. Sehon, 137 La. 83, 68 So. 221; State v. Davis, 154 La. 295, 97 So. 449; State v. Williams, 189 La. 355, 179 So. 452.
 

 The next bill of exception was reserved to the trial court’s refusal to grant the defendant a new trial. The motion, being based upon the bills of exception which we have just disposed of and the usual general allegation that the conviction was contrary to the law and the evidence, presents nothing new for our consideration. State v. Acosta, 161 La. 173, 108 So. 326; State v. Proctor, 165 La. 584, 115 So. 759; State v. Buckner, 167 La. 330, 119 So. 67; State v. Ricks, 170 La. 507, 128 So. 293; State v. McKee, 170 La. 630, 128 So. 658; State v. Lognion, 183 La. 410, 164 So. 155; State v. Antoine, 189 La. 619, 180 So. 465.
 

 The last bill of exception was reserved to the overruling of defendant’s motion in arrest of judgment, which was levelled at the entire proceedings. The defendant, however, has failed to point out, either in his motion or in his brief, any substantial defects in the record and, from an examination thereof, we find none. The motion was, therefore, properly overruled. Article 517, Code of Criminal Procedure. See, also, State v. Jackson, 36 La. Ann. 96; State v. Smith, 160 La. 503, 107 So. 386; State v. Gill, 186 La. 339, 172 So. 412.
 

 For the reasons assigned, the conviction and sentence appealed from are affirmed.