FOURNET, Justice.
 

 The defendant, Victoria Vincent, was indicted and tried for the murder of Mary Louise Frazier but convicted of manslaughter and sentenced to imprisonment in the state penitentiary at hard labor for not less than three nor more thah nine years. Her appeal from that conviction and sentence is based on nine alleged
 
 errors
 
 committed during the course of the trial, to which bills of exceptions were duly reserved.
 

 The first bill of exceptions was reserved to the ruling of the trial judge which admitted the testimony of five of the state’s witnesses who had violated the court’s ruling ordering the sequestration of witnesses by remaining in the court room while the first two state witnesses (police officers Sergeant Joseph Gentile and Detective Valdimer Slico) were testifying.
 

 The Code of Criminal Procedure expressly provides that “The judge may, at any stage of the trial, order the sequestration of the witnesses. * * * Any disregard of these provisions by a witness shall disqualify him from testifying and shall subject him to punishment for contempt;
 
 provided, that the judge may in all cases, in his discretion, permit cmy witness to testify
 
 * * * .” Article 371. (Italics ours.)
 

 The italicized portion of the foregoing article is specific and unambiguous. The trial judge, in his per curiam to this bill of exceptions, explains that “These two officers testified'only as to the circumstances of the arrest; they did not, and could not testify as to the manner of commission of the crime for they arrived at the scene some time after the crime was complete. The only other fact that these officers testified to in the presence of these five witnesses was that of the admission of the accused to the shooting. No prejudice resulted however for subsequently the accused took the witness stand in her own defense and acknowledged that she had fired the fatal shot.” The trial judge concluded that the disregard of the five witnesses to “the Court’s order obviously was not based upon any connivance with the prosecution, or done in pursuance of a pre-arranged plan.” Under these circumstances we do not think that the trial judge abused the discretion given him under Article 371 of the Code of Criminal Procedure.
 

 Bills of exceptions numbers 2, 3, 4, 5, and 6 are identical. They were all reserved to the court’s ruling permitting five of the state’s witnesses to testify to an altercation that took place between the children of the defendant and the children of the deceased some time prior to the homicide.
 

 In disposing of these bills the trial judge in his per curiam explained that they “refer to an incident wherein the adopted children of the accused had some minor altercation with the children of the deceased some time prior to the homicide. The record indicates that this altercation occurred within an hour of the actual homicide, and that this prior altercation between the adopted children of the accused and the children of the deceased was the motivating cause of the incident which resulted in the homicide,”
 
 *1042
 
 concluding that “the evidence of the incident immediately preceeding the homicide was highly relevant and important in proving motive and malice on the part of the accused.”
 

 [2] We find no error in this ruling for, as was said in the case of State v. Oliver, 151 La. 659, 92 So. 217, 219,. “The circumstances * * * immediately preceding the fatal event, and contributing to bringing it on, were * * * relevant; and evidence of them was * * * admissible for showing malice.”
 

 Bill of Exceptions No. 7, as explained in the trial judge’s per curiam, “was reserved because the^accused in her own defense was not allowed to testify as to why she feared the deceased.. Subsequent interrogation of the accused, out of the presence of the jury, brought out the fact that she feared the deceased because of an incident which occurred some five years previous.” His ruling was “that this evidence is absolutely immaterial, irrelevant and inadmissible; has absolutely no bearing on this case. To allow such testimony to go before the jury places the state in a position of being unable to rebut the testimony—it being too far away from the scene.”
 

 It is the contention of counsel for the defendant that the testimony was relevant and material in the instant case because of the fact that the defendant had pleaded self-defense.
 

 [3] The evidence, as revealed by the defendant’s own testimony, shows that on the day of the shooting the accused had sent her children to the grocery and that they returned home bruised as a result of a fight with the children of the deceased. The accused then armed herself with a gun and, taking some of the children with her, returned to the place where the fight.had occurred so that the children could continue the fight without any intervention on the part of the elders of the other children. Under these circumstances it is difficult for us to understand just how this remote incident could have any relevancy. We therefore conclude that the trial judge did not err in his ruling.
 

 The next bill of exceptions was reserved to the ruling of the trial judge allowing one of the state’s witnesses, Anita Maumon, to testify, in rebuttal, that on her way home from the scene of the crime she met the defendant’s witness Leona May Blount at the gate in front of her home, where the defense witness asked her what had happened. The court construed this as placing the defendant’s witness, who had testified that she (Leona May Blount) had been at the.scene of the crime, away from there and, consequently, classed the evidence as rebuttal.
 

 [4] ? A review of Blount’s testimony ‘shows that she ran away from the scene of the crime after the shooting, but she admitted meeting the state’s witness in front of her home. It appears to us that the testimony was more corroborative in nature than rebuttal. However, the defendant has not pointed out in what manner this testimony has prejudiced her rights and we are unable to conceive of any. Consequently, she is not entitled to have her conviction and sentence set aside under this bill. Article 557 of the Code of Criminal Procedure.
 

 
 *1044
 
 The last bill of exceptions was reserved to the trial judge’s ruling refusing the defendant’s motion for a new trial, which motion includes as grounds therefor, in addition to the eight bills of exceptions just disposed of, the allegation that the verdict is contrary to the evidence, in that the unanimous testimony of the defendant’s and state’s witnesses discloses the deceased was the aggressor. The question of who is the aggressor is one of fact, which this court is without authority to review.
 

 For the reasons assigned, the conviction and sentence of the defendant are affirmed.