12 So.2d 218

STATE v. BROUSSARD.

No. 36864.

Nov. 30, 1942.

Rehearing Denied Feb. 1, 1943.

See, also, 201 La. 839, 10 So.2d 636.

Philo Coco, of Marksville, for defendant and appellant.

Eugene Stanley, Atty. Gen., Niels F. Hertz, Sp. Asst. Atty. Gen., and Earl Edwards, Dist. Atty., of Marksville, for the State, plaintiff and appellee.

FOURNET, Justice.

Lee Elgee Broussard prosecutes this appeal from his conviction on an indictment charging him with the offense of carnal knowledge and his sentence to serve five years in the penitentiary at hard labor. He is relying for the reversal thereof on nine errors which were allegedly committed during the course of his trial, to which timely objections were made and bills of exceptions reserved.

The defendant contends the first error was committed when the court overruled his motion to quash the indictment. This motion was based on the ground that the Jury Commission selecting the panel from which the grand jury returning the indictment against him had been drawn was illegally constituted since Zenon Lemoine, one of its members, was, at the time, charged with the commission of an offense.

The facts in this case show that Lemoine was charged by affidavit with possessing and operating slot machines some two years after he qualified and was sworn in as a member of the Jury Commission. Had he been a juror, this objection would have been good, for jurors must not be "charged with any offense." Article 172 of the Code of Criminal Procedure. However the legislature has seen fit to distinguish between jurors and jury commissioners and this is not one of the requisite qualifications of a commissioner. Furthermore, this court has consistently held that the acts of a de facto jury commissioner are not subject to collateral attack; they are considered as valid if they are not otherwise illegal. State v. Ferray, 22 La.Ann. 423; State v. Cullens, 168 La. 976, 123 So. 645; State v. Smith, 153 La. 577, 96 So. 127; State v. Mitchell, 153 La. 585, 96 So. 130.

We therefore conclude the trial judge did not err in overruling defendant's motion to quash the indictment.

Bill of Exceptions No. 2 was levelled at the court's refusal to excuse Leon Aymond, one of the prospective jurors, for cause. It appears that when Aymond was examined on his voir dire he stated his

mother and the prosecutrix bore the same family name—Dupuy—but when he was questioned as to the possibility of relationship existing between himself and the prosecutrix, he stated he did not know of any. Further, when the court questioned him as to whether or not such possible relationship would influence him in reaching his verdict, he said "No."

 We do not think the trial judge erred in refusing to excuse this juror for cause. It is only when "the relations, whether by blood, marriage, employment, friendship or enmity, between the juror and the accused, or between the juror and the person injured, are such that it must be reasonably believed that they would influence the juror in coming to a verdict" that a juror may be challenged for cause. Paragraph 2 of Article 351 of the Code of Criminal Procedure.

The third Bill of Exceptions was reserved to the ruling of the trial judge admitting the testimony of the state's first witness (the father of the prosecutrix) even though he had allegedly violated the court's order placing the witnesses under the rule by remaining in the courtroom.

Under the express provisions of the Code of Criminal Procedure, "the judge may in all cases, *in his discretion,* permit any witness [disregarding the order placing the witness under the rule] to testify." Article 371, Code of Criminal Procedure. See, also, State v. Vincent, 198 La. 1037, 5 So.2d 327. (Italics and brackets ours.)

 When witnesses are placed under the rule, it is for the obvious reason of preventing their being influenced by the testimony and evidence of other witnesses. In his per curiam to this bill of exceptions, the trial judge explains that the witness, who was sitting inside the railing with his daughter and the district attorney, was called to the witness stand as the state's first witness for the sole purpose of proving his daughter's age. He knew nothing whatsoever about the facts of the case and did not testify as to them. Under these circumstances, we do not see in what way the defendant could have been harmed by the presence of this witness in the courtroom and we must conclude that the judge did not abuse the discretion vested in him when he permitted this witness to testify.

Bill of Exceptions No. 4 was reserved when the trial judge declined to grant the defendant's request that a mistrial be declared because of the laughter and applause throughout the audience.

According to the judge's per curiam to this bill, he promptly warned the audience that he would not tolerate such action and instructed the jury to disregard the occurrence and be guided entirely by the law and the evidence.

 Applause by spectators at the trial of a case is not per se ground for the reversal of the conviction. This is particularly true when the trial judge suppresses the applause at once and warns the jury not to be influenced by it. State v. Perry, 149 La. 1065, 90 So. 406; State v. Jones, 51 La.Ann. 103, 24 So. 594; State v. Easley, 118 La. 690, 43 So. 279; State v. Timberlake, 50 La.Ann. 308, 23 So. 276; State v. Spillers, 105 La. 163, 29 So. 480. De-

fendant's request that a mistrial be declared was properly declined.

When the defendant's wife was being cross-examined by the district attorney and answered the question: "Did your husband use her (the prosecutrix) as his wife?" in the negative, the defendant reserved Bill of Exceptions No. 5. It is his contention that both this question and answer were prejudicial and that the judge should have instructed the jury to disregard them.

The trial judge concluded that since the witness was under cross-examination, the question was proper and, further, that since the witness's answer was favorable to the defendant, he could not have been prejudiced thereby. We find no error in this ruling.

Nor do we find any error in the judge's rulings in connection with Bills of Exceptions No. 6 and No. 7. These bills grew out of the defendant's objections to certain portions of the trial judge's written charge to the jury, No. 6 being reserved when he overruled the defendant's objection to that portion of the charge wherein it was declared that "under the law, a girl between the age of twelve and eighteen is capable [incapable] of giving legal consent to an act of sexual intercourse, so that, every act of carnal connection with such a child will constitute an offense when such carnal knowledge is with her consent;" No. 7 being levelled at the portion wherein the judge stated that "in order to constitute the crime of carnal knowledge, carnal knowledge is essential. It is therefore necessary that there must be some penetration of the female organ, but rupture of the hymen is not necessary."

It is the settled jurisprudence of this court that a verdict will not be set aside because of an objection to a portion of the trial judge's charge unless such portion, when considered in connection with the remainder of the charge, is shown to be erroneous and prejudicial. State v. Boone, 194 La. 977, 195 So. 511; State v. Ferguson, 37 La.Ann. 51; State v. Mitchell, 119 La. 374, 44 So. 132; State v. Blount, 124 La. 202, 50 So. 12; State v. Poree, 136 La. 939, 68 So. 83; State v. Sehon, 137 La. 83, 68 So. 221; State v. Davis, 154 La. 295, 97 So. 449; State v. Williams, 189 La. 355, 179 So. 452. The charge of the judge in this case, taken as a whole, is full, fair, and impartial. Furthermore, we find nothing objectionable in the particular portions that are complained of here.

Bill of Exceptions No. 8 was reserved when the court refused to grant the defendant a new trial. This motion was based on the bills just disposed of and the usual and general allegation that the conviction was contrary to the law and the evidence. Consequently, it presents nothing new for our consideration. State v. Acosta, 161 La. 173, 108 So. 326; State v. Proctor, 165 La. 584, 115 So. 759; State v. Buckner, 167 La. 330, 119 So. 67; State v. Ricks, 170 La. 507, 128 So. 293; State v. McKee, 170 La. 630, 128 So. 658; State v. Lognion, 183 La. 410, 164 So. 155; State v. Antoine, 189 La. 619, 180 So. 465.

The last Bill of Exceptions was reserved to the overruling of the defendant's motion in arrest of judgment, the basis of which

is that the defendant was never rearraigned after he withdrew his plea of not guilty in order to file a motion to quash the indictment.

The legislature changed the rule of law "The conviction and sentence must be set aside, where defendant was never rearraigned, after being permitted to withdraw his plea for the purpose of moving to quash the information; no issue having been joined." State v. Larrivierre, 151 La. 399, 91 So. 778. See, also, State v. Hunter, 43 La.Ann. 157, 8 So. 624; State v. Stewart, 45 La.Ann. 1164, 14 So. 143; State v. Preston, 107 La. 521, 32 So. 67; State v. Brackin, 113 La. 879, 37 So. 863; State v. Doucet, 136 La. 180, 66 So. 772; State v. Domengeaux, 151 La. 341, 91 So. 758 by its adoption of Act No. 31 of 1926. The provisions of this act are that "in all criminal cases arising under state laws and parish ordinances the defendant shall be entitled to a formal arraignment, which shall consist in reading to said defendant the indictment, information or affidavit and the ascertaining of his plea; *provided* that in no case shall more than one arraignment be necessary" (Section 1), and that "a failure to formally arraign such a defendant shall not be questioned after he has announced his readiness for trial." (Section 3.) (Italics ours.)

Since the enactment of this legislation, the legislature has adopted a Code of Criminal Procedure. Therein it is provided that the "defendant must plead when arraigned; and if he refuse, or stand mute, the plea of not guilty shall be entered for him" (Article 255), but that "if the defendant voluntarily enters upon the trial without arraignment it shall be considered as if he had pleaded not guilty" (Article 256).

Counsel for defendant, however, argued that the defendant, having objected to going to trial at every stage of the proceedings, did not voluntarily go to trial in this case.

The record shows that after the district attorney announced he was ready for trial, the accused, through his counsel, refused to go to trial, declaring that he would stand on the motion to quash previously filed by him. This same objection was renewed on several occasions during the course of the trial without any other reason for declining to go to trial being assigned.

We find no merit to this argument on behalf of the defendant. It is our opinion that since the defendant objected to go to trial and elected, rather, to stand on his motion to quash, his objection was limited accordingly and he thereby waived the right to be rearraigned.

In a habeas corpus proceeding filed in the court below the defendant questioned the legality of the sentence imposed upon him contending that under the provisions of Article 529 of the Code of Criminal Procedure he should have been given an indeterminate sentence instead of a fixed or straight sentence. In reviewing the ruling of the trial judge on this issue we held that the sentence was illegal and the defendant was entitled to have the judge impose an indeterminate sentence. See, decision of this court handed down November 4, 1942, in the matter of State v. Broussard, 201 La. 839, 10 So.2d 636.

The case however will have to be remanded to the lower court in order that the defendant may be properly sentenced.

For the reasons assigned, it is ordered, adjudged, and decreed that the defendant's conviction is affirmed.

It is further ordered, adjudged, and decreed that the sentence imposed on the defendant is annulled and set aside and the case is remanded to the lower court in order that the defendant may there be sentenced consistent with the views expressed herein and according to law.

ROGERS, J., absent.