SANDERS, Justice
(dissenting).
The majority reverses the conviction because of the refusal of the trial judge to give a lengthy special charge to the jury on self-defense. Without considering the substance of the charge, the trial judge ruled that the evidence raised no issue of self-defense.
In his Per Curiam, the trial judge explains his ruling as follows:
“The defendant did not plead self-defense in this case. His plea through the cross-examination by his counsel as well as the witnesses presented by him was a flat denial that he committed the offense and not that it was committed in self defense. As such, self defense was not an issue in this case. All of the testimony presented by the defense' was to the effect that the defendant was engaged in an altercation with a person other than the victim in this case and the evidence was offered by the defense counsel for the purpose of showing that the defendant at no time struck the victim.”
The ruling of the trial judge has much to commend it. The defendant’s position throughout was that he did not strike the blow, with club or bat, that has left the victim a permanent invalid. Assuming, however, as the majority holds, that the reasons assigned by the trial judge are insufficient, I must record another compelling reason for refusing the special charge.
Article 807 of the Louisiana Code of Criminal Procedure provides:
“The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
*893 "A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.” (Italics mine.)
Under the above article, the trial judge is relieved from giving a special charge if it is not wholly correct and pertinent or if it requires explanation. State v. Fox, 251 La. 464, 205 So.2d 42; State v. Dugas, 252 La. 345, 211 So.2d 285; State v. Johnson, 250 La. 85, 193 So.2d 794; State v. Hagerty, 251 La. 477, 205 So.2d 369.
The special charge requested in the present case reads as follows:
“A person is justified in using force in self-defense, where the danger that threatens him appears to him, acting as a reasonable man under the particular circumstances, to be real and imminent, even though it should later develop that there was no real or actual danger. State v. McCrory, 1920, 146 La. 15, 83 So. 361.
“A person will not be held responsible criminally if he acts in self-defense from real and honest convictions as to the character of the danger, induced by reasonable evidence, though he may be mistaken as to the extent of the actual danger. State v. Sadler, 1899, 51 La.Ann. 1397, 26 So. 390.
“To justify killing as in self-defense, overt act of deceased person need not have amounted to felonious assault. State v. Robinson, 1918, 143 La. 543, 78 So. 933.
“The so-called ‘overt act’ rule of evidence deals with threats or quarrels on part of victim of crime, in case where accused pleads self-defense, but has nothing to do with previous threats or quarrels on part of accused, in case where he pleads self-defense or in case where he denies that he committed the act charged. State v. Winstead, 1894, 204 La. 366, 15 So. (2d) 793.”
It is apparent that the special charge is composed of abstract principles of law taken from former decisions of this Court.
The last paragraph deals with the admissibility of evidence of defendant’s previous threats against the victim in a homicide case, as will appear from State v. Winstead, cited as authority. Although representing a correct principle in the context from which it was taken, it is an improper charge to the jury here. The trial judge rules upon the admissibility of evidence in a criminal trial. The jury has no function in the admission of evidence. If this portion of the special charge were given, it would mislead and confuse the jury as to the law of self-defense.
The remaining paragraphs of the charge also deal with special legal problems arising *895 ill the cases cited. Taken separately ór together, they do not represent an adequate statement of the law of self-defense.
LSA-R.S. 14:19 provides:
“The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person’s lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.” (Italics mine.)
Conspicuously absent from the special charge is any clearly-stated requirement that the use of force must be reasonable and apparently necessary to prevent a forcible offense against the defendant’s person. Without this ingredient, any statement of law of self-defense is fatally defective. See State v. Stroud, 198 La. 841, 5 So.2d 125.
I can only conclude that the special charge is not wholly correct, nor is it wholly pertinent. Clearly, it could not be given without substantial modification. Under Article 807, LSA-C.Cr.P., the 'trial' judge properly refused to give it.
For the reasons assigned, I respectfully dissent.