(132 So. 349)

## STATE v. WELLS.

No. 30986.

Jan. 5, 1931.

See, also, 171 La. 273, 130 So. 468.

Stephens Holstein, of Jena, and T. F. Hunter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, Vinson M. Mouser, Asst. Dist. Atty., of Columbia, and E. R. Schowalter, Asst. to Atty. Gen., for the State.

O'NIELL, C. J.

The appellant was convicted of robbing a bank and sentenced to imprisonment in the penitentiary. He relies upon two bills of exception.

■■ The first bill has reference to the examination of the prospective jurors on their voir dire. Article 358 of the Code of Criminal Procedure provides that the jurors shall be tendered first to the prosecution, and, if accepted, then to the defense; and that, after a juror has been accepted by both sides, neither side has the right to challenge him peremptorily, but that it shall be within the discretion of the judge, and not subject to review, to allow either side to peremptorily challenge up to the time that the jury is impaneled. In this instance, the juror was tendered first to the district attorney for examination, and, when the district attorney had completed his examination, but had neither accepted nor rejected the juror, he was tendered to the attorneys for the defense for examination; and, after they had completed their examination, the prospective juror was tendered to the district attorney for acceptance or rejection, and, if accepted by the district attorney, was tendered to the defendant's attorneys for acceptance or rejection. The attorneys for the defendant objected to being required to examine a juror until or unless the district attorney had accepted him. The judge overruled the objection, and, in the statement per curiam, says that the method of examination was according to an established custom of the court, and was not forbidden by the Code of Criminal Procedure. From the language of article 358 of the Code, construed precisely, it seems to be not intended that a prospective juror should be tendered to the defendant's attorney for examination, unless he is first accepted by the district attorney. But the purpose of the provision is merely to avoid the unnecessary delay of having the defendant's attorney go through the useless proceeding of examining one whom the district attorney does not accept as a juror. The article of the Code does not, in terms or by implication, compel the district attorney to announce whether he accepts or rejects a juror before he is tendered to the defendant's attorney for examination. Conceding, for the sake of argument, that the tendering of a prospective juror to the defendant's attorney for examination, after the district attorney has examined him, is a tacit acceptance of the juror by the district attorney, it is only a tentative acceptance; for article 359 of the Code of Criminal Procedure provides that, after a juror has been accepted by both sides, he may be challenged for cause by either side at any time before the beginning of the hearing of evidence; and article 358 provides that, although neither side has the right to challenge a juror peremptorily after he has been accepted by both sides, it is a matter within the discretion of the judge, and not subject to review, to allow either side to challenge a juror peremptorily at any time before the jury is impaneled. Hence we do not find that the method of examination in this instance was an error for which the verdict should be annulled, even though the method was not exactly that which is prescribed by article 358 of the Code of Criminal Procedure.

■ The other bill of exceptions has reference to the overruling of a challenge of a prospective juror for cause. The party challenged did not serve on the jury, because,

after the judge had overruled the challenge for cause, and the defendant's attorneys had reserved a bill of exceptions to the ruling, they challenged the juror peremptorily; but it appears from the recitals of the bill of exceptions that they used all of their peremptory challenges, and afterwards accepted a juror whom they would have challenged peremptorily but for the ruling complained of in this bill of exceptions. The prospective juror, complained of in this bill of exceptions, and named Stanley, conducted a garage business about a mile and a half from the town of Jena, where the bank was robbed. He did business with the bank, and was well acquainted with the cashier and assistant cashier, and had much confidence in them. Soon after the robbery, he went into the bank and discussed the matter with the cashier and assistant cashier, who had been held up by the robbers and had witnessed the robbery. Two days after the robbery the defendant was arrested; and thereafter Stanley again called at the bank on business, and discussed with the cashier and assistant cashier the arrest of the defendant, and asked them if they had the right party, and they answered that they had. In answer to a long line of very leading questions propounded by the defendant's attorney, Stanley said that he had formed an opinion, from what he had been told by the two important witnesses, the cashier and assistant cashier of the bank, as to the guilt or innocence of the defendant; and that he would adhere to that opinion, unless what he had been told by the cashier and assistant cashier would be contradicted by the direct and sworn testimony of at least two witnesses in whom he would have as much confidence as he had in the cashier and assistant cashier of the bank. Those disqualifying declarations were, as we have said, made in response to questions so leading as to put the desired answers into the mouth of Stanley—so to speak. But, when the district attorney—and after him the judge—examined Stanley, he showed that he understood what his duties and responsibilities as a juror would be, and showed, apparently, that theretofore he had not understood the import of the assent which he had given to the leading questions put by the defendant's attorney. He said that he could and would give the defendant a fair and impartial trial; that he would try the case only according to the law and the evidence, and would not be influenced by the opinion which he then had; that his opinion would yield readily to the testimony; that he would not allow anything that he had already heard to influence him in arriving at a verdict; that he would require the state to prove the guilt of the defendant by sworn testimony and beyond a reasonable doubt before he would agree to a verdict of guilty; and that, if the state failed in that respect, he would give the defendant the benefit of the presumption of innocence, and vote to acquit him. We believe, as the district judge believed, that Mr. Stanley would have been a competent, fair, and impartial juror.

The verdict and sentence are affirmed.