BRUNOT, J.
 

 The appellant was prosecuted under an indictment charging him with the murder of Dr. James A. Rigney. The jury, found • the accused guilty of manslaughter, and the court sentenced him to confinement in the state penitentiary, at hard labor, for not less than ten, nor more than fifteen, years.
 

 He appealed from the verdict and sentence, but he has not followed up the appeal either by an appearance in this court or by the filing of a brief in the case.
 

 There are four bills of exception in the record. We find no merit in any of them, and, but for the fact that the indictment charges a capital offense, we would dismiss them without further comment, for the reason that no application was made in the court below for a new trial of the case, and therefore article 559 of the Code of Criminal Procedure was not complied with. The pertinent part of the article is.as follows:
 

 “No new trial can be granted on appeal unless a motion for same has been made and refused in the lower court,” etc.
 

 Bill No. 1.
 

 This bill recites that the defendant’s plea was self-defense, and that the testimony adduced left the' question as to who was the aggressor in doubt. It alleges that the deceased was killed in the defendant’s yard, and that the deceased was accompanied, at the time of the killing, by a man named McBee, who was armed; that E. A. Fisher, a witness for the state, was asked, on cross-examination, the following questions:
 

 “Q. What kind of a man was McBee?
 

 “A. I don’t know anything about that.
 

 “Q. What kind of a reputation did McBee have around there?” ■
 

 • To the second quoted question the district attorney objected, and the court sustained the objection, to which ruling the defendant excepted and reserved this bill. When the bill was presented for the judge’s signature, he refused to sign it, but he attached thereto a-statement of the facts from which we excerpt the following paragraphs:
 

 
 *485
 
 “Because of certain errors and omissions in the statement of facts in the Bill of Exceptions #1 submitted by counsel for the accused, I am compelled to refuse to sign the same and though the law does not require me to give written reasons for such refusal I am doing so at the request of counsel for the accused.
 

 “When counsel for the accused offered to prove McBee’s reputation by cross-examining the witness, E. A. Eisher, no overt act had been shown either on the part of McBee or of Dr. Rigney, and the ,state had not fully developed its case. No evidence whatever had been offered to show the circumstances under which the homicide was committed.
 

 “As to the statement in the Bill of Exceptions to the effect that defendant’s plea was self-defense, I will only say that the accused testified in his own behalf and not only stated that he did not shoot the deceased but that it was McBee who shot him and also that he had no altercation with the deceased and that he and the deceased were on good terms.”
 

 The Judge’s statement of facts is supported by the district attorney’s statement, which is also attached to the bill, and by the record in so far as the record discloses them.
 

 The ruling complained of is in accord with the settled jurisprudence of this state, and was a sound exercise of the court’s discretion. State v. Nash, 46 La. Ann. 194, 14 So. 607; 2 La. Dig., Criminal Law, pages 553, 554.
 

 Bills' Nos. 2 and 3.
 

 These bills were reserved to rulings excluding testimony which was offered to show that the deceased was tyrannical and overbearing towards his debtors in enforcing the liquidation of their indebtedness to him. The judge refused to sign these bills for the same reasons given for his refusal to sign bill No. 1. In his statement attached to bill No. 2 the judge says:
 

 “I might add, however, in connection with Bill. No. 2 that after the state had concluded its evidence I allowed counsel for the accused, over the objection of the District Attorney, to introduce any and all evidence that he desired to introduce to prove Dr. Rigney’s reputation and character.”
 

 If the rulings complained of in the three bills we have considered were not correct, the error was cured at a later stage of the proceedings by permitting the introduction of the proffered testimony. The bills are therefore without merit.
 

 Bill No. 4.
 

 This bill recites that counsel for the accused in his argument to the jury said:
 

 “The District Attorney had no idea that the accused was guilty of murder inasmuch as he had not asked the jurors on their voir dire whether or not they were opposed to capital punishment, and the District Attorney having objected to this statement on the part of counsel for the accused, and the Court having sustained the objection of the District Attorney and directed the jury to disregard the statement made by counsel for the accused, counsel for the accused excepted to' the ruling of the court and reserved this bill of exceptions.”
 

 The judge refused to sign the bill for the reasons given in a statement which he at-' tached thereto. We quote from the statement the following:
 

 “I refuse to sign Bill of Exceptions No. 4-because it does not correctly state the facts.
 

 
 *487
 
 “Counsel for the accused did not state
 
 to
 
 the jury that the District Attorney had not asked the jurors on their voir dire whether or not they were opposed to capital punishment and the Court was not called upon to rule on the legality of such a statement being made by counsel for the accused. The facts were as follows: The District Attorney having concluded his opening argument counsel for the accused, in the beginning of his argument, stated to the jury that the District Attorney had no idea that there was a possibility of a verdict of murder in this case, and that this was evident from the fact ‘that he did not ask a single one of you whether or not you’ — at this point the District Attorney interrupted counsel for the accused, stating that he objected to the statement which he anticipated counsel was about to make. Whereupon the jury was retired,” etc.
 

 As between the unsupported statements of counsel and the court, the facts as stated by the court must be accepted as controlling. 2 La. Dig. Griminal Law, page 734
 
 et
 
 seep
 

 It- is shown that the ruling complained of in this bill of exceptions was made out of the presence of the jury, and it does not appear that the court was requested to repeat -the ruling in their presence.
 

 Under the circumstances, the defense was not .prejudiced by the ruling. It may be added that, in capital cases, it is optional with the district attorney to ascertain whether or not the prospective jurors have conscientious scruples against the infliction of the death penalty. The state alone has the right t-o challenge jurors for that cause. In such cases the exercise of his discretion might well be influenced by the fact.that the jury may return a qualified verdict. We do not think there is any merit in this bill, and the verdict and sentence are therefore affirmed.