175 So. 603

## STATE v. FERGUSON.

No. 34404.

June 21, 1937.

Fred G. Benton and Carlos G. Spaht, both of Baton Rouge, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and Dewey J. Sanchez, Dist. Atty., and John R. Fridge, Asst. Dist. Atty., both of Baton Rouge, for the State.

FOURNET, Justice.

The defendant, Walker Ferguson, prosecutes this appeal from his conviction of murder without capital punishment and his sentence to imprisonment at hard labor for life, and, for the reversal thereof, he re-

lies on several alleged errors committed by the State during his trial to which timely objections were made and bills of exceptions reserved to the ruling of the trial judge.

The first bills of exceptions argued by counsel for defendant orally and in brief are exceptions Nos. 2 and 3. Both were leveled at the ruling of the trial judge requiring the defendant, over his counsel's objection, to accept or reject prospective jurors before the State was required to accept or reject them.

The record shows that, after nine veniremen had been examined, two of whom were accepted by the State and the defendant, the district attorney examined three more jurors on their voir dire and tendered them to the defendant for examination by his counsel. After their examination, the jurors were tendered back to the State for acceptance or rejection before the defendant exercised his right to accept or peremptorily reject either of them. The trial judge ruled that the "district attorney had the right to examine the jurors and tender them to counsel for defendant for acceptance or rejection with the right on the part of the district attorney to re-examine said jurors if he so desired and to accept or reject them as he sees fit." The defendant reserved bill of exception No. 2 to the ruling of the court. Bill of exception No. 3 was reserved to a similar ruling by the court when the next three jurors were tendered by the defendant to the district attorney for acceptance or rejection. The defendant then requested that the same objection and ruling be made to apply to the

examination of all subsequent jurors. It also appears that the defendant exhausted his peremptory challenges before the jury panel was completed.

The procedure governing the examination and challenging of jurors is embraced in articles 358 and 359 of the Code of Criminal Procedure, reading as follows:

"358. The jurors shall be tendered first to the prosecution, and, if accepted, then tendered to the defense. After a juror has been accepted by both sides, neither side has the right to challenge him peremptorily, but it shall be within the discretion of the court, and not subject to review to allow either side to peremptorily challenge jurors up to the time that the jury is impaneled."

"359. Although a juror may have been accepted by both the prosecution and the defense, he may, none the less, up to the beginning of the taking of evidence, be challenged for cause by either side, or be excused either for cause or by consent of both sides."

We had these two articles under consideration in the cases of State v. Wells, 171 La. 795, 132 So. 349, and State v. Ussery, 178 La. 593, 152 So. 302, 303, on the question of whether the prosecution was compelled to accept or reject the prospective juror before tendering him to the defendant for examination, and in disposing of that issue, in the latter case, we said:

"The objection made by the defendant's counsel, and overruled by the judge, was the same objection that was held to be not well founded in State v. Wells, 171 La. 795, 132 So. 349. The district attorney, having examined a prospective juror on his voir dire, tendered him to the defendant's attorneys for, examination; whereupon they objected to being called upon to examine the prospective juror until the district attorney announced that he accepted the juror. The district attorney then announced that he accepted the juror tentatively, meaning that the acceptance was provisional, being subject to the provisions of articles 358 and 359 of the Code of Criminal Procedure. Article 358 provides that the jurors shall be tendered first to the prosecution for examination on their voir dire, and, if accepted, then tendered to the defense; and that, after a juror has been accepted by both sides, neither side shall have the right to challenge him peremptorily, but that it shall be then absolutely within the discretion of the judge either to allow or to deny a peremptory challenge up to the time the jury is impaneled. And article 359 provides that, after a juror has been accepted by both sides, he may yet be challenged for cause, or be excused by consent of both sides, up to the beginning of the taking of evidence. It is plain, therefore, that the tendering of a juror to the defendant's counsel, by the district attorney, after he has examined the juror on his voir dire, is in itself an acceptance of the juror by the district attorney, subject, of course, to the rights which are accorded to both sides under articles 358 and 359 of the Code of Criminal Procedure. The only way that a cause for complaint on the part of the defendant could arise in such a proceeding would be for the district attorney to attempt to withdraw his acceptance of the

juror, or to proceed in a way not consistent with his acceptance of the juror, after tendering him to the defendant's counsel for examination."

The trial judge in his per curiam stated that after a close study of these two decisions, he was convinced that he had erred in his ruling, but stated further that:

"However, * * * *I am of the opinion that the defendant in this case has not been prejudiced by reason of the method of examination followed for the reason that when this point was first raised and an objection made, the defendant had exhausted 4 peremptory challenges only.* Defendant's counsel was not by reason of this method of examination forced to accept a single juror they did not want, nor did they at any time after a juror was accepted and before the jury was empanelled, ask the Court to permit them to challenge a single juror peremptorily. This they had the right to do under Article 358 of the Code of Criminal Procedure.

"It must be remembered also that when the point was first made nine veniremen had already been examined, two of whom had been accepted by the state and the defense.

"It would, therefore, seem that the objection, even if meritorious, was not timely, and that counsel waived any right that they may have had to insist upon any different method of examination." (Italics ours.) .

Counsel for the State, in support of the correctness of the ruling of the trial judge, have cited numerous authorities, particularly article 557 of the Code of Criminal Procedure, which reads as follows:

"No judgment shall be set aside, or a new trial granted by any appellate court of this State, in any criminal case, on the grounds of misdirection of the jury or the improper admission or rejection of evidence, or as to error of any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, *or* constitutes a substantial violation of a constitutional or statutory right." (Italics ours.)

The right of the accused to challenge jurors peremptorily, prior to the adoption of Act No. 56 of 1837, was the exclusive right granted to the defendant both in our jurisprudence and under the common law and became the constitutional right of the accused upon the adoption of the Constitution of 1879 (see article 8). Article 1, § 10, of the Constitution of 1921 reads as follows: "In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him; *and when tried by jury shall have the right to challenge jurors peremptorily,* the number of challenges to be fixed by law." (Italics ours.)

In the adoption of Act No. 56 of 1837, it was not declared whether the State should exercise this right of challenge before or after the accused had exercised his right, and in the case of State v. Raymond Florez, 5 La.Ann. 429, this court held that

since no practice had been established under the statute fixing any definite procedure in the matter, it would not disturb the ruling of the lower court allowing the State to peremptorily challenge jurors after the jurors had been accepted by the defendant. The court in that case, however, made the following observation:

" * * * the better practice would be, for the State to exercise the right of challenge first; and present the juror to the prisoner as a good and lawful juryman. And *if this practice become well established, a departure from it may be a good cause for granting a new trial; for when new principles are introduced into our criminal law by statute, it behooves all the courts to carry them into effect by a uniform practice.*" (Italics ours.)

It was said in the case of State v. Guidry, 160 La. 655, 107 So. 479, 480, that in this State counsel conducts the voir dire examination of the prospective jurors under the court's direction and supervision, and the court stated that such procedure has been the uniform and customary practice in our courts and "as the result of a long series of actions, constantly repeated, and by uninterrupted acquiescence, it has acquired the force and effect of a rule of law governing jury trials in this jurisdiction." And, irrespective of the fact that the defendant in that case had not exhausted the challenges the law accords and therefore was not deprived of the benefit of a peremptory challenge, the court, nevertheless, held that the denial of his request to examine the jurors under this established custom was violative of his constitutional right to peremptorily challenge jurors. This constitutional right to peremptorily challenge was likened to his right under the Constitution guaranteeing to the accused a speedy public trial by an impartial jury and to have the assistance of counsel.

We do not know of any rule of procedure or practice more thoroughly established, or more uniformly followed in the trial of criminal cases in this State, than in the impaneling of juries—the State *must* exercise her right of challenge first and then present the juror to the accused for his acceptance or rejection. Moreover, in our adoption of the Code of Criminal Procedure in 1928, in order to insure the continuation of this uniform procedure, the manner of challenging jurors was definitely and mandatorily prescribed therein in accordance with that long-established custom and practice. Article 358, Code of Criminal Procedure.

It is our opinion that the reversal of the order of challenging jurors in this case by the trial judge was a direct violation of a substantial right guaranteed the accused under the Constitution and constitutes reversible error; consequently, article 557 of the Code of Criminal Procedure is not applicable.

Having reached this conclusion, it is unnecessary to consider the other bills of exceptions, as they will probably not recur in another trial of this case.

For the reasons assigned, the conviction and sentence are annulled and set aside, and the case is hereby remanded for a new trial according to law.