74 So.2d 207

**STATE v. MICHEL.**

No. 41632.

May 31, 1954.

Rehearing Denied July 2, 1954.

Gerard H. Schreiber, George H. Fust, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Peter J. Compagno, Asst. Dist. Atty., Geo. J. Gulotta, Executive Dist. Atty., New Orleans, for appellee.

McCALEB, Justice.

On the night of February 10, 1953, appellant, a nineteen year old negro, waylaid two fifteen year old white girls, who were returning to their homes in New Orleans after witnessing a carnival parade, and, while holding them captive with an open blade knife, robbed them of their meagre possessions, a wrist watch, two rings and a gold cross. After taking this jewelry, he released one of the girls but commanded the other to walk with him to a nearby secluded spot in the area of St. Bernard Avenue, where he forced her, by threats against her life, to perform an unspeakable and degrading carnal act upon his person and thereafter proceeded to rape her three times. He was indicted for aggravated rape on February 13, 1953 and subsequently was tried and convicted of the offense, being sentenced to death by electrocution. He is appealing from his convic-

tion and sentence, relying on 42 bills of exceptions for a reversal.

The first and second bills of exceptions may be considered together, as the complaint in the second is dependent upon whether the first bill is well founded. That bill was reserved to a ruling of the trial judge denying a motion to quash the indictment. In his motion, appellant challenged the validity of the indictment, contending that negroes had been systematically excluded from the general venire from which the Grand Jury returning the indictment was selected, in violation of the rights guaranteed to him by the Federal and State Constitutions. The State demurred to the motion to quash on the ground that it had not been filed within the time prescribed by law. The judge sustained the demurrer holding that, since the motion to quash had not been filed within three judicial days from the expiration of the term of the Grand Jury, which had returned the indictment, it could not be considered in view of the provisions of Article 202 of the Code of Criminal Procedure, as interpreted by this court in State v. Wilson, 204 La. 24, 14 So.2d 873.

The record shows that the Grand Jury that indicted appellant was impanelled on September 2, 1952 and that its term expired on March 2, 1953. Appellant's motion to quash was filed on March 9, 1953, seven days after the term of the Grand Jury ended.

Article 202 of the Code of Criminal Procedure (now LSA–R.S. 15:202) provides:

"All objections to the manner of selecting or drawing any juror or jury or to any defect or irregularity that can be pleaded against any array or venire must be filed, pleaded, heard or urged *before the expiration of the third judicial day of the term for which said jury shall have been drawn*, or before entering upon the trial of the case if it be begun sooner; otherwise, all such objections shall be considered as waived and shall not afterwards be urged or heard". (Emphasis ours.)

▆ In State v. Wilson, supra, the court was called upon to construe the foregoing provision—precisely, to ferret out the meaning intended by the Legislature in its use of the above italicized language, that objections to the selection or composition of juries or venires must be urged "before expiration of the third judicial day" of the jury term. After an exhaustive review of the history of the prior laws on the subject and a painstaking and comprehensive discussion of the language of the Article, it was concluded that, in order that the provision might be applied with fairness and consistency in all cases, the Legislature intended that anyone desiring to challenge the array or selection of any jury was required to urge his objection before the expiration of the third judicial day *following* the term for which the jury had been

drawn, or before entering upon the trial of the case if it be begun sooner.

Counsel for appellant assail the Wilson decision, proclaiming that the interpretation there given to LSA–R.S. 15:202 is unsound when applied to the facts of this case and that it should be overruled. Alternatively, they suggest that, at all events, the decision does not control the special situation presented here and should be differentiated.

We do not find it necessary to review in detail the basis of the ruling in the Wilson case. Suffice it to say that we think that it represents a correct analysis of the intention the Legislature was attempting to express in the writing of the statute and that, under this interpretation of the language, a reasonable time is provided to all persons charged with crime within which to file whatever objections they may have to the method of selecting any jury or venire. Moreover, it is evident that the Legislature has since approved of the construction given to Article 202 of the Code of Criminal Procedure by this court in the Wilson case, which was decided in 1943, as it incorporated the Article without change in the Revised Statutes of 1950.

However, counsel insist that the statute as interpreted in the Wilson case is unfair, if applied to the facts of this matter, as they claim that they were not appointed to defend appellant until more than three days after the expiration of the jury term had elapsed—thus, depriving them of asserting on appellant's behalf his right to an equal protection of the law.

There might have been merit in this postulation if the predicate upon which it is based was supported by the record. But the minutes of the Court show that appellant's chief counsel, Mr. Gerard H. Schreiber, an attorney of experience in criminal cases, was appointed by the judge to represent him on March 2, 1953 (not on March 5, as counsel contend) and this is verified by the per curiam of the judge. It is true that the other counsel, also an experienced criminal lawyer, was appointed on March 6, 1953, but this is of no importance as appellant was already represented by an attorney. See State v. Wilson, supra. Hence, since appellant had the benefit of counsel on March 2, 1953, the same day that the Grand Jury term ended, his contention, that it is unreasonable to apply the prescription of the law in this case, falls of its own weight as his counsel had ample time, three judicial days from the date of his appointment, to have filed the motion to quash the indictment.

Our ruling that the judge was correct in sustaining the State's demurrer to the motion to quash the indictment effectually disposes of Bill of Exceptions No. 2, which was taken to the overruling of appellant's motion to perpetuate testimony in support of the motion to quash.

Appellant, having been indicted for aggravated rape under the short form pro-

vided by Article 235 of the Code of Criminal Procedure, LSA–R.S. 15:235, availed himself of the provisions thereof by requesting the State to furnish a bill of particulars. In a supplemental motion, he asked that he be advised (a) of the particular type of aggravated rape on which the prosecution was based; (b) if any force was used and the type of force and (c) if any threats were made and the type of threats.

The State answered that the prosecution was founded on paragraphs (1) and (2) of LSA–R.S. 14:42, in that the victim had resisted the act to the utmost but that her resistance was overcome by force and, particularly, in that she was prevented from resisting the act by threats of great bodily harm accompanied by the apparent power of execution. Pleading that its answer should be deemed good and sufficient, the State set forth that it should not be ordered to give the additional information requested by appellant, respecting the type of threats or force used by him, as this pertained to the details of the evidence which it was not required by law to furnish in advance of the trial.

When the court ruled that the information given by the State was adequate, counsel for appellant reserved Bill of Exceptions No. 3 and, we understand from their brief, that they now profess that the failure of the judge to coerce the State to give all requested particulars deprived appellant of the right guaranteed him by Section 10 of Article 1 of our Constitution, that the accused in criminal prosecutions shall be informed of the nature and cause of the accusation against him.

There is no merit in the bill. It has been held many times by this court that the short forms prescribed by LSA–R.S. 15:235 are not violative of Section 10 of Article 1 of the Constitution in instances where they inform the accused of the nature and cause of the accusation. State v. Wright, 215 La. 529, 41 So.2d 76 and cases there cited and State v. Roshto, 222 La. 185, 62 So.2d 268. This is certainly true of the short form indictment for aggravated rape. In this case, the bill of particulars furnished by the State gave appellant all of the information necessary for his counsel to properly defend him and the judge correctly ruled that the particulars withheld pertained solely to the nature of the evidence, to which appellant was not entitled. State v. Poe, 214 La. 606, 38 So.2d 359.

■ Bill of Exceptions No. 4 was reserved to the sustaining of the State's challenge for cause of a prospective juror, a Mr. Ford, based on his statement that, while he did not object to capital punishment, he did not feel that he wanted " * * * to be one of those responsible for rendering a verdict in this case".

There is no substance in the bill for, even if it be assumed that the ruling was incorrect (which it was not), appellant is not in a position to complain inasmuch as the

minutes show that the State used only eight of the twelve peremptory challenges allowed to it by law. Under the provisions of Article 353 of the Code of Criminal Procedure (now LSA–R.S. 15:353), a defendant suffers no prejudice from the sustaining of a challenge for cause "unless the effect of such ruling is the exercise by the prosecution of more peremptory challenges than it is entitled to by law * * *." See also State v. Thomas, 41 La.Ann. 1088, 6 So. 803 and State v. Jackson, 42 La.Ann. 1170, 8 So. 297.

■ Bill of Exceptions No. 5 was taken to the allowance by the judge of peremptory challenges made by the State to two prospective jurors after they had been examined on their voir dire both by the prosecution and counsel for appellant and accepted by the latter.

That the practice complained of is permissible under the law is recognized by a long list of authorities. See State v. Ussery, 178 La. 593, 152 So. 302; State v. Thornhill, 188 La. 762, 178 So. 343; State v. Ezell, 189 La. 151, 179 So. 64; State v. Boone, 194 La. 977, 195 So. 511 and State v. Henry, 197 La. 999, 3 So.2d 104. Moreover, LSA–R.S. 15:358 vests in the judge absolute discretion, not subject to review, "* * * to allow either side to peremptorily challenge jurors up to the time that the jury is impaneled."

Counsel for appellant took Bill of Exceptions No. 6 to the action of the trial judge in ordering that prospective jurors be called in group of six instead of in groups of three.

■ We fail to see how appellant was injured by this action. The manner of selecting a jury rests within the sound discretion of the trial judge and, as long as the accused is afforded the opportunity to examine each prospective juror with respect to his qualifications and to exercise his right of challenge, he has no reason to complain. State v. Roberson, 157 La. 974, 103 So. 283.

Bill No. 7 was taken to the overruling of appellant's objection to a statement made by the district attorney to a group of prospective jurors in examining them on their voir dire. The district attorney, in rebuttal of certain statements made by defense counsel concerning the effect of evidence of good character, remarked to the jurors that evidence of good character would be of no avail to appellant if the State proved to their satisfaction his guilt beyond a reasonable doubt.

■■ There is no substance in the bill. The challenged remark is a correct statement of the law which is that, whereas evidence of good character of an accussed is always admissible in his behalf, it must be considered in connection with and as a part of the whole testimony "* * * but it can not destroy conclusive evidence of guilt". LSA–R.S. 15:480. See also State v. Simon, 131 La. 520, 59 So. 975. The.

judge informs us in his per curiam that he instructed the jury on the question of character evidence in accordance with the foregoing rule of law.

While one of defense counsel was propounding questions to a group of prospective jurors, he stated that drunkenness was a defense to the crime for which appellant was on trial. The district attorney objected to the remark and, when the judge sustained the objection, counsel reserved Bill No. 8. It is claimed that this was an erroneous ruling as subsection 2 of LSA–R.S. 14:15 provides that intoxication is a defense to crimes requiring specific criminal intent and that aggravated rape is such a crime.

 The bill is not well founded. Specific criminal intent, which is defined by LSA–R.S. 14:10, is not a necessary element of the offense of aggravated rape. The case of State v. Ferrand, 210 La. 394, 27 So.2d 174, 167 A.L.R. 559, relied on by defense counsel, is not in point. There, the court held that specific intent was an element of the crime of attempted aggravated rape. This ruling was based on the sound premise that all attempts, as defined by LSA–R.S. 14:27, require specific intent.

 Bill No. 9 was reserved when the judge sustained an objection of the district attorney to defense counsel repeatedly referring to appellant in the presence of the prospective jurors as "this boy".

The judge, in his per curiam, states that he maintained the objection because he did not consider the accused, who was nineteen years of age, to be a boy and he further observes that it was impossible for him to believe that appellant was prejudiced by the ruling as the petit jury was instructed to concern themselves only with the evidence heard in the courtroom and the law, as given to them by the court, in determining the guilt or innocence of appellant.

We do not regard the matter upon which this bill is predicated to be of any importance. It is manifest that, even if we assumed that the ruling of the judge was incorrect in depriving counsel of referring to appellant as a boy, the error would not be of such a prejudicial nature as to warrant a reversal of the conviction. LSA–R.S. 15:557.

 Bill of Exceptions No. 10 was reserved to the overruling of defense counsel's objection to the following statement, which was addressed by the district attorney to a group of prospective jurors on their voir dire:

"If the prosecuting witness in this case is a girl of about fifteen or sixteen years of age, the defendant at the bar is eighteen or nineteen years of age, the mere fact that this defendant is eighteen or nineteen years of age, would that influence you in arriving at a verdict in this case?"

Counsel take the position that the ages of the victim and appellant were most important and that the question directed by the district attorney was an attempt on his

part to commit the jurors not to consider this very relevant factor.

We do not believe that the conclusion drawn by counsel anent the district attorney's motive is justified. In our opinion, the question was perfectly proper; it was propounded to ascertain the state of mind of the prospective jurors so as to determine whether they stood indifferent between the prosecution and the appellant, irrespective of the ages of the parties involved.

Bill of Exceptions No. 11 was taken to the action of the trial judge in sustaining the State's objection to the issuance of a writ of subpoena duces tecum applied for by appellant for the production of the records, from February 11, through February 17, 1953, of six District Police Stations, those of the Juvenile Division and the Show-Up Room of the Police Department, for the stated purpose of proving that appellant was incarcerated in several district police stations after his arrest and that numerous other men were being held at that time on suspicion for the same crime.

■■■ The ruling complained of is correct. To begin with, the records sought to be subpoenaed were not material as they were wholly without bearing on the question of the guilt or innocence of appellant. Moreover, if we assume that they were public records, they were clearly excepted from the provisions of the Public Records Act, LSA-R.S. 44:1, 2, 3, and appellant was not entitled to their inspection until they were used in open court. See State v. Dallao, 187 La. 392, 175 So. 4 and State v. Mattio, 212 La. 284, 31 So.2d 801.

■■■ In his opening statement to the jury, the district attorney related in sequence the events that took place on the night of the crime, that is, appellant's robbery; his forcing his victim to commit a crime against nature, and the three acts of rape which followed. Defense counsel objected to the statement, insofar as it referred to the crimes, other than the acts of rape for which appellant was charged, on the ground that those crimes were not properly within the scope of an opening statement and should not be included therein. When the judge overruled the objections, counsel reserved Bills Nos. 12, 13 and 14.

There is no merit whatever in these bills. It would have been impossible for the district attorney to have made a clear statement of the offense without including therein a recital of all acts done and the other crimes committed by appellant, as they were part and parcel of one continuous transaction. Obviously, they constituted part of the res gestae and were admissible as original evidence. State v. Sears, 217 La. 47, 46 So.2d 34 and cases there cited. This being so, it was not improper for the district attorney to mention them in his opening statement.

■■■ While the victim was on the stand, she was asked the question "Was that the

little girl with you on the night of the alleged rape and ravishment?" to which she answered "Yes". Defense counsel thereupon objected to the use of the word "ravishment". The judge sustained the objection and instructed the jury to disregard that word. Counsel then moved for a mistrial and, when it was denied, Bill No. 15 was reserved.

The complaint is shallow. It appears to us that the judge was overly cautious in sustaining the objection of counsel as the word "ravishment" is nothing more than a synonym of rape but, in any event, we are at a loss to understand the theory upon which counsel conceive that appellant was entitled to a mistrial.

During the examination of the victim on the stand, she was asked— "While you were on your stomach, please state to the court and jury just what the defendant did?". Defense counsel objected and, when overruled, reserved Bill No. 16. Thereupon, the victim answered "He tried to enter me from the back". Counsel then moved for a mistrial on the ground that the district attorney had not mentioned this fact in his opening statement. When the judge denied the motion, Bill No. 17 was taken.

These bills are clearly without merit. Counsel do not advance any reason for the objection to the question concerning appellant's action after he had forced the victim to lie on her stomach and we can think of none. And the basis for the motion for the mistrial, because of the answer given by the victim, is purely captious aside from being in utter contradiction to the position taken by counsel with respect to Bills Nos. 12, 13 and 14.

Bill No. 18 is in the same category. The district attorney asked the victim whether appellant said he "liked white skin". When she answered "Yes", counsel moved for a mistrial which motion was overruled. We cannot imagine why counsel think that it was improper for the victim to relate a statement given by appellant, which unquestionably formed part of the res gestae.

This observation likewise applies to Bill No. 19 which was taken to the question propounded by the judge to the victim as to what clothes she had on at the time she left the scene of the crime.

When the victim was on the stand, she was asked whether she had ever had sexual intercourse before the night on which the crime was perpetrated. Defense counsel objected and the judge first overruled the objection but, before the question could be answered, he changed his mind and sustained it. Counsel then moved for a mistrial, which was refused. Bill No. 20 was then reserved.

It is now argued that the judge should have instructed the jury to disregard the question and his failure to do so constitutes reversible error.

There is no substance in the argument. We know of no law requiring the judge, on his own volition, to instruct the jury to disregard a question to which an objection has been sustained. Conversely, the burden is on defense counsel to request such an instruction if he feels that the improper question might be damaging to the accused.

Bill No. 21 was taken to the overruling of an objection to the admission in evidence of the purse and its contents carried by the victim on the night of the crime.

It is to be conceded that these articles, though probably admissible as part of the res gestae, had little evidentiary value. This being so, it is difficult to perceive that appellant was harmed by their reception. Counsel say, however, that appellant might have been prejudiced because the purse contained numerous pictures of young girls, dressed in the uniform of the parochial school which the victim attended. We regard this as a matter of no consequence.

During the course of the trial the district attorney tendered for admission two pictures of appellant, in company with other negro males, which had been taken by Mr. John T. Dahmun, a member of the Bertillion Office of the New Orleans Police Department, stating that they were offered in connection with the testimony of Dahmun and the victim. Counsel for appellant objected on the ground that the pictures had not been properly identified by the victim and that they had not been taken in her presence. When the objection was overruled, Bill No. 22 was reserved.

The bill is without merit. The trial judge states in his per curiam that the pictures were satisfactorily identified by Mr. Dahmun, who took them, prior to their introduction. This is all that was necessary.

Bill No. 23 is also without merit. It was taken to a question directed to the Coroner, while he was on the witness stand, as to whether the vaginal examination of the victim revealed "fresh" bleeding. The basis of the objection was that the district attorney, in his opening statement to the jury quoted the coroner as reporting that the vaginal examination revealed "frank" bleeding.

The trial judge correctly stated in his per curiam that he did not consider the difference between "frank" and "fresh" bleeding to be of such a nature as to exclude the evidence from the record. As a matter of fact, the word "frank", which means open or free, is practically the same as "fresh" when applied to bleeding. See Webster's New International Dictionary (2nd Ed.)

In corroboration of the testimony of the victim, the State offered in evidence several "ecochrome" photographs of her which had been taken on the morning after the commission of the offense. Counsel objected and, when overruled, reserved Bill No. 24. Thereafter, the State requested that the

pictures be exhibited in a dark room connected with the Coroner's office. Counsel objected, reserving Bill No. 25 to the overruling of the objection and, prior to the exhibiting of the pictures, moved for a mistrial on the ground that the exhibition constituted an invasion of appellant's constitutional rights. The motion was overruled and Bill No. 26 was taken.

■ There is no merit in any of these bills. The judge states in his per curiam that the photographs were properly identified before their introduction. They were clearly admissible in support of the State's case; they were taken on the morning after the crime and revealed numerous bruises on the body of the victim. Their exhibition to the jury in a dark room of the Coroner's office was within the sound discretion of the judge. We fail to see that the judge abused his power or how any constitutional right of appellant was invaded.

■ After the jury had returned to the courtroom following the showing of the color pictures in the Coroner's office, defense counsel filed another motion for a mistrial on the ground that the Deputy Sheriff, who had the defendant in charge during the exhibition, had held him in a degrading manner. The judge overruled the motion, stating that he found nothing degrading about the way the Deputy Sheriff handled appellant, whereupon counsel reserved Bill No. 28 and, in argument here, takes issue with the judge on this point.

It is enough to say, in answer to this bill, that we are bound by the per curiam of the judge, in the absence of clear evidence to the contrary, and cannot accept counsel's version of the occurrence.

■ When one Patrick Natal was testifying for the State, the district attorney offered him a written statement, which he had previously given, for the purpose of refreshing his memory. Defense counsel immediately objected on the ground that this was in the nature of a leading question. When overruled, Bill No. 28 was reserved.

This bill is unsubstantial. The district attorney plainly had the right to show the witness his prior written statement for the purpose of having him refresh his memory.

■ While Mr. Natal was on the stand, he was asked by the district attorney whether the victim had told him by whom she had been raped. Defense counsel objected and the court then stated that the question had already been answered so there was nothing to rule on. Counsel thereupon took issue with the judge, stating that he did not think that the question had been answered. The court consulted the stenographer, but he said that he did not have an answer to the question in the record. The judge then asked the witness whether he had answered the question. The witness replied that he believed he said "back there" and the judge told him "you said something else, what was it?" to which the witness replied "No, sir". At this point, the court

addressed the members of the jury, asking them whether there had been an answer, to which several of the jurors replied that the witness had said "It might have been a negro". Whereupon defense counsel moved for a mistrial and, upon being overruled, reserved Bill No. 29.

Counsel argue that the action of the judge constituted a comment on the evidence but we do not so view it. The judge, having heard the question answered, was merely endeavoring to ascertain whether it had also been heard by the other persons participating in the trial, inasmuch as defense counsel had denied the basis upon which the ruling on the objection had been predicated. True enough, the answer had not been heard by the stenographer and the witness himself was apparently reluctant to repeat what he had stated, but the fact remained that the members of the jury heard it and repeated it to the judge. Obviously, this was not a comment by the judge on the evidence—the most that can be said is that it was an expression by him of an opinion that a certain question had been answered. At all events, we fail to perceive that any substantial right of appellant was violated or that he suffered any harm as a consequence of the episode.

■■■ Bill No. 30 was taken to the overruling of another motion for a mistrial and is based on the charge that the district attorney was guilty of unfair tactics in that he deliberately attempted to lead a police officer, testifying for the state, so as to have him identify certain underwear as that found by him in the home of appellant.

We find no merit in the bill for the simple reason, apart from any other, that the police officer, Captain William A. Walker, was unable to identify the underwear as that taken by him from appellant's home. Consequently, it is difficult to conceive how defendant was prejudiced.

■■■ Bill No. 31 was reserved to the admission in evidence of an envelope bearing appellant's name and address, which was in his possession at the time he was arrested. The basis for the objection was that it was irrelevant and immaterial. Assuming that this is true, its admission certainly cannot be viewed as a cause for reversal. Article 557, Code of Criminal Procedure, LSA–R.S. 15:557.

■■■ Bill No. 32 was taken to the overruling of counsel's objection to the admission in evidence of certain rings and other jewelry which had been taken from the young girls by appellant in the robbery which preceded the rape. The basis of the objection was that the proper foundation for the admission of the articles was not laid and that they were not adequately identified. The judge, in his per curiam, takes issue with this contention and shows that the articles were satisfactorily identified, detailing the persons making the identification and the substance of their testimony. Hence, there is no merit in the bill.

Bills Nos. 33, 34, 35 and 36 all relate to the alleged error of the court in admitting appellant's confession in evidence. Our law provides that, before any confession can be received, the State is required to affirmatively prove that it was freely and voluntarily given and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. Articles 451 and 452, Code of Criminal Procedure, LSA–R.S. 15:451, 452, and Section 11 of Article 1 of the Constitution of 1921. And, it is established by the jurisprudence that, before what purports to be a confession can be introduced in evidence, it must be shown by proof which convinces beyond a reasonable doubt that it was voluntary. State v. Green, 221 La. 713, 60 So.2d 208 and authorities there cited.

Appellant was arrested on February 11, 1953 and he made a written confession on February 13th. During the two days he was in custody prior to making the statement, he was in contact with 15 different police officers. All of these officers were placed on the witness stand by the State and each testified unequivocally that no threats or promises were made to appellant to induce him to confess and that the statement he gave was free and voluntary. These witnesses were vigorously cross-examined by defense counsel and they stated, in detail, the facts and circumstances surrounding the giving of the statement. A reading of their testimony fully supports the conclusion of the voluntariness of the confession which was only given after appellant was positively identified by the victim of the rape and her companion of the ill fated night.

Appellant maintains in his testimony that he was under duress when he gave the statement; that he had been jostled around by the officers, being generally subjected to ill treatment and that he was burned on the hand by one of the officers, whom he was unable to identify. Insofar as this alleged burn is concerned, the State showed that he at no time made complaint to the Coroner or anyone else.

After considering the entire evidence, we agree with the trial judge that the State has sustained the burden placed upon it of establishing affirmatively and beyond a reasonable doubt that the confession was free and voluntary.

Bills Nos. 37 and 39 refer to the same matter and may be considered together. They were taken to the refusal of the trial judge of special charges Nos. 6 and 8 tendered by counsel for appellant. By these special charges, counsel sought to have the court instruct the jury that specific intent constituted one of the elements of the crime of aggravated rape and, if for any reason it was not proved, the jury would be required to acquit appellant.

We have heretofore pointed out, in discussing Bill of Exceptions No. 8, that specific intent is not a necessary ingredient of the crime of rape, which is defined to be

the act of sexual intercourse with a female person, not the wife of the offender, "committed without her lawful consent." LSA–R.S. 14:41. The judge was, therefore, correct in refusing the special charges.

Bill No. 38 was taken to the refusal of a special charge submitted by counsel for appellant reading as follows: "I charge you that either the State or the Defense has a right to attack any statement, confession or admission introduced in evidence by introducing other evidence to contradict all or a part of said statement, admission or confession. However, I further charge you that every part of every statement, admission or confession that is not contradicted binds him who introduces it."

The judge states in his per curiam that he refused this charge as being inapplicable to the case forasmuch as no such condition existed nor was there any evidence introduced to which the charge could possibly apply.

In submitting this Bill of Exceptions, counsel do not attempt to show its pertinence to the case. At best, the charge, as framed, is somewhat incongruous. Under these circumstances, the judge's ruling was correct. See Article 390, Code of Criminal Procedure, LSA–R.S. 15:390.

Bills of Exceptions Nos. 40, 41 and 42 were taken to the overruling of two motions for a new trial and a motion in arrest of judgment. The motions for a new trial aver, among other things, that the verdict is contrary to the law and the evidence, which presents nothing for review, and further reiterate the alleged errors which we have already discussed and on which we have heretofore ruled.

The motion in arrest of judgment, being likewise predicated on errors of which we have disposed and which are said appear on the face of the record, presents nothing new for consideration.

The conviction and sentence are affirmed.

FOURNET, C. J., and MOISE, J., absent.