McCALEB, Justice
(dissenting, in part).
I think it clear that the indictment herein is duplicitous as it charges five separate and distinct acts of theft in the same count, in violation of Article 220 of the Code of Criminal Procedure (R.S. 15:220). Moreover, Article 225 (R.S. 15:225) required that the acts of theft be charged in separate counts, the aggregate amount of the thefts being determinative of the grade of the offense.
The permissive provisions of Article 225 relating to multiple charges of separate' acts of theft in one indictment supplies an exception to the mandate of Article 217 of the Code of Criminal Procedure (R.S. 15:-217) that “ * * * no indictment shall charge more than one crime, but the same crime may be charged in different ways in several counts.”
The majority, after apparently conceding that the indictment is duplicitous, reaches the conclusion that the motion to quash said indictment was not well founded in view of Article 252 of the Code of Criminal Procedure (R.S. 15:252) which, as applied here, declares, in substance, that no indictment shall be quashed because of duplicity therein and that, if the Court is of the opinion that duplicity exists, “ * * * it may sever such indictment into separate indictments, or into separate counts as shall be proper.”
In the case at bar it would have been improper for the judge to have severed the indictment into separate indictments for the reason that each indictment would have charged a separate misdemeanor for theft and it was only by way of joinder of the five alleged thefts in separate counts, in compliance with R.S. 15 :225, that appellant could have been prosecuted and convicted of a felony. Hence, the judge should have followed the mandate of R.S. 15 :252 and ordered the severance of the indictment into separate counts.
It is inappropriate, in my opinion, for the Court to say that appellant was not entitled to this relief because he did not specifically pray that the indictment be severed into separate counts. The law did not require him to so pray.
Article 221 of the Code of Criminal Procedure (R.S. 15:221) provides that the objection of duplicity “ * * * can not be urged after the jury has been sworn, and must be set up either by demurrer or by a motion to quash the indictment.” Appellant timely moved to quash the indictment in accordance with the quoted provision. This was all he was required to do.
Article 252, relied on by the majority opinion, does not say that the indictment may not be attacked on the ground of duplicity. It states that it shall not be quashed on that account. However, it requires the judge, when duplicity exists, to correct such duplicity in the manner stated therein.
Nor will it do to hinge the ruling rejecting appellant’s motion to quash on the harmless error rule set forth in Article 557 (R.S. 15:557) of the Code of Criminal Procedure. That provision, which precludes the Court from granting a new trial because of an error in pleading and practice unless convinced that the error com *375 plained of is prejudicial to the substantial rights of the accused, excepts therefrom instances in which the error “* * * constitutes a substantial violation of a constitutional or statutory right.”
Here, there can be no doubt that the duplicitous indictment, in not charging appellant in separate counts for distinct offenses of theft, was violative of the permissive provisions of R.S. IS :225, authorizing the insertion of several counts in the same indictment against the same defendant for distinct acts of theft. When it is clear that a statutory right has been violated, as in this case, it follows that the violation is substantial — for, if an accused has a right under the law to be proceeded against in a certain way and he is not charged in the manner that the law requires, it is too plain for extended argument that his statutory right is not only violated but substantially violated. See State v. Ferguson, 187 La. 869, 175 So. 603 and compare State v. Scott, 237 La. 71, 110 So.2d 530.
Specifically, in the casé at bar, appellant was deprived of the right to have the jury consider each offense separately and to return a separate verdict, if it saw fit, on each count. The circumstance that the jury could have found appellant guilty in a single verdict of theft of the sum of $34.19, as permitted by Article 411 of the Code of Criminal Procedure (R.S. 15:411) and did so find him guilty, does not lessen or alter the right the law accorded him to have the jury consider each count separately in determining his guilt or innocence thereon and in concluding whether he was guilty of theft in the aggregate amount of the thefts charged.
In addition, appellant, had he been charged in several counts in conformity with R.S. 15:225, would have been entitled to plead separately to each count. He was obviously deprived of that right under the single duplicitous indictment herein upheld. The right of pleading guilty or not guilty to each separate charge is indubitably a substantial right which was not available to appellant in this case.
I respectfully dissent from the ruling on Bill No. 1 and am of the opinion that the case should be remanded for a new trial.